IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HISPANIC FEDERATION, et al.,**

    **Plaintiffs,**

v.                                                 Case No. 4:23-cv-218-AW-MAF

**CORD BYRD, et al.,**

    **Defendants.**

_____/

## REASSIGNMENT ORDER

Three sets of Plaintiffs recently filed closely related challenges to the same new Florida law. Two cases were filed on May 24, and this one came the next day. The cases were randomly assigned to three different district judges. Citing the court's standard practice of reassigning closely related cases to the judge with the first-filed case, the judge assigned the second case ordered reassignment to the judge assigned the first-filed case. *League of Women Voters of Florida v. Moody*, Case No. 4:23-cv-216 (N.D. Fla. May 26, 2023).

Plaintiffs in this case then moved to consolidate. ECF No. 7. They indicated that the Attorney General did not oppose the relief sought but that the Secretary of State did. *Id.* I directed the Secretary to respond, and the Secretary filed a notice that, having reviewed the three complaints, he took no position on the request. ECF No. 16.

1

I have reviewed the complaints in all three cases, and I conclude that this case is indeed closely related to the first-filed case (and the second case). In this case, Plaintiffs seek injunctive relief precluding the Secretary and the Attorney General from enforcing Florida Statute § 97.0575(1)(f), which they contend violates the First and Fourteenth Amendment by restricting speech and discriminating based on citizenship. *See generally* ECF No. 1. The first-filed case likewise seeks this relief against these defendants based on these constitutional theories. It also includes other claims and seeks broader injunctive relief, but the crux of the claim in the instant case is also presented in the first-filed case. *See generally Florida State Conference of Branches & Youth Units of the NAACP v. Byrd*, Case No. 4:23-cv-215 (ECF No. 1) (May 24, 2023).

The instant case does include a claim not presented in the first-filed claim: a claim that § 1981 invalidates the challenged statute. In some instances, the presence of an additional claim not included in the first-filed case may counsel against reassignment. But here, even that claim is closely related to the remaining claims.

Under these circumstances, and consistent with this court's settled practice, I have determined that reassignment is appropriate. This will result in having a single judge assigned all three closely related cases, which will promote judicial efficiency. The separate question of whether the cases should be consolidated will be up to the transferee judge.

The motion to consolidate (ECF No. 7) is GRANTED in part as set forth above. The clerk will reassign this case to Chief Judge Walker.

SO ORDERED on June 7, 2023.

s/ *Allen Winsor*<br>United States District Judge