IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| HISPANIC FEDERATION, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CORD BYRD, in his official capacity as Florida Secretary of State, *et al.*,<br><br>    *Defendants*. | Case No. 4:23-cv-218-MW-MAF |

**PLAINTIFFS' MOTION FOR LEAVE
TO PROCEED UNDER A PSEUDONYM**

Plaintiffs respectfully move the Court for leave for Plaintiff A. Doe (the "Doe Plaintiff") to appear under a pseudonym. The Doe Plaintiff maintains a reasonable and legitimate fear that their pursuit of this litigation could subject them and their family members to retaliatory activity, public harassment, hostility, or violence, and allowing the Doe Plaintiff to proceed anonymously would serve the public interest without meaningfully prejudicing Defendants. For the reasons set forth fully in the below memorandum, the Court should grant this motion to permit the Doe Plaintiff to proceed under a pseudonym.

**MEMORANDUM OF LAW**

In this action, Plaintiffs challenge newly enacted political restrictions, known as Senate Bill 7050 ("SB 7050" or the "Law"), signed by Governor DeSantis on May

24, 2023 and effective July 1, 2023. Laws of Fla. ch. 2023-120. SB 7050 imposes significant restrictions on third party voter registration organizations, including a prohibition on allowing non-citizens to "collect[]" or "handle[]" voter registration information. *Id.* § 4, at 7 (creating Fla. Stat. § 97.0575(1)(f)).

The Doe Plaintiff is a legal non-citizen resident of the United States who has engaged in activities that SB 7050 will prohibit when it takes effect on July 1, 2023. The Doe Plaintiff is a Venezuelan citizen granted Temporary Protected Status ("TPS") and has worked as a canvasser for third party voter registration organizations since 2019. In light of SB 7050's prohibitions, the Doe Plaintiff will not be able to continue their work, nor will they be able to exercise their political voice. *See* ECF 32-5 (Decl. of A. Doe).

As set forth below, the Doe Plaintiff maintains a reasonable and legitimate fear that their pursuit of this litigation, particularly as a non-citizen in this heightened political climate, could subject them and their family members to public harassment, hostility, or violence. They further fear that their action against senior state government officials could subject them to retaliatory activity. Permitting the Doe Plaintiff to proceed anonymously would serve the public interest with negligible prejudice to the Defendants. As such, this motion to permit the Doe Plaintiff to proceed under a pseudonym should be granted.

## LEGAL STANDARD

While the strict requirements of Federal Rule of Civil Procedure 10(a) help serve the "public's legitimate interest in knowing all of the facts involved, including the identities of the parties," the Eleventh Circuit has recognized the rule is not absolute. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citation omitted). In the Eleventh Circuit, "whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020)). As a "first step," the court must consider "whether the party seeking anonymity":

> (1) is challenging government activity;
>
> (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or
>
> (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution.

*Id*. (quoting *Chiquita*, 965 F.3d at 1247).

Other potentially relevant factors to consider include whether the information

disclosed would subject the litigant to social stigma or if that information could lead to harm to the litigant. *See id.* at 988; *Frank*, 951 F.2d at 324.

## ARGUMENT

**I.  THE DOE PLAINTIFF HAS A COMPELLING NEED TO MAINTAIN ANONYMITY.**

The Doe Plaintiff should be permitted to proceed using a pseudonym because the totality of the circumstances indicate that their right to privacy outweighs any possible prejudice the Defendants could face. In attempting to prevent public disclosure of their name and immigration status, the Doe Plaintiff seeks to avoid any potential social stigma or harm caused by that disclosure.

**A.  The Doe Plaintiff's Interest in Anonymity is Particularly Strong as They are Challenging Government Activity.**

In seeking to reverse the restrictions on their livelihood and political activity, Doe Plaintiff is directly challenging government activity, where "the plaintiff's interest in proceeding anonymously is considered particularly strong." *E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *accord Frank*, 951 F.2d at 323. The Doe Plaintiff is seeking to enjoin the Secretary of State and the Attorney General, two senior state officials, from enforcing public policy impacting all Floridians. The public has an interest in ensuring that unconstitutional or unlawful government conduct is not allowed to proceed. *See E.W.*, 213 F.R.D. at 111 ("[W]here a plaintiff attacks government activity . . . there is arguably a public interest in the vindication

of his rights," especially where the plaintiff "represents a minority interest (and may be subject to stigmatization).").

Proceeding anonymously would allow the Doe Plaintiff to test the constitutionality of SB 7050 without fear of potential retaliation. *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 512 (M.D. Pa. 2007), *aff'd in relevant part*, 620 F.3d 170 (3d Cir. 2010), *vacated on other grounds,* 563 U.S. 1030 (2011). The Doe Plaintiff, as an immigrant challenging legislation targeting immigrants in a highly charged atmosphere of anti-immigrant political fervor, faces a particular risk of becoming fodder in a far broader political fight. Where, as here, the plaintiff "would be discouraged from joining this action if the Court denied their motion to proceed anonymously," the public interest is served by allowing the plaintiffs to vindicate their rights anonymously. *Plaintiffs #1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 275 (E.D.N.Y. 2015).

The overall public interest in lawful and effective governance would be best served by allowing people directly impacted by the Law to interrogate the constitutionality of its challenged provisions; because the Doe Plaintiff requires anonymity to bring such a challenge, they should be permitted to proceed pseudonymously.

**B.    The Doe Plaintiff Seeks Anonymity to Protect Particularly Sensitive Information and Avoid Potential Harassment and Harm.**

A plaintiff's personally identifying information and immigration status are

highly sensitive, particularly in circumstances where a litigant faces "exponentially greater risk of harassment, and even physical danger, if their identities were revealed." *Lozano*, 620 F.3d at 195. Courts have regularly identified immigration status as sensitive information warranting anonymity. *See, e.g. Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (deeming immigration status to "be sufficiently sensitive and personal in nature to support plaintiffs' use of pseudonyms under appropriate circumstances") (collecting cases); *Keller v. City of Fremont,* No. 8:10-cv-270-LSC-FG3, 2011 WL 41902, at *2 (D. Neb. Jan. 5, 2011) ("[F]ederal courts have recognized that inquiries into immigration status can have an *in terrorem* effect, limiting the willingness of plaintiffs to pursue their rights out of fears of the consequences of an exposure of their position"); *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (crediting plaintiffs' immigration status as one of several factors weighing in favor of allowing plaintiffs to proceed anonymously); *Lozano*, 496 F. Supp. 2d at 490 (plaintiffs "with a more tenuous [immigration] status have an exponentially greater concern over the dangers of participating in a lawsuit that has generated . . . intense sentiment").

      The elevated political climate surrounding issues of immigration nationwide has created a real and rational fear of being targeted based on legal status. Florida, in particular, has been at the epicenter of much of that debate, with senior state

officials making highly public statements of anti-immigrant sentiments and expending substantial state funds to forcibly remove immigrants from the state.[1] In February, the Legislature passed one of the most restrictive state laws on immigration, imposing strict fines on businesses hiring undocumented immigrants, creating barriers for immigrants to access to medical facilities, and eliminating the ability of those with certain immigration statuses from maintaining certain jobs.[2] Moreover, much of this animosity has been directed expressly at asylum seekers from Venezuela.[3] As an individual from Venezuela currently under TPS, the Doe Plaintiff is directly at risk for potential deportation from the state or other mistreatment due to their immigration status. As described in their declaration, they fear that they could face additional scrutiny and harassment, not only from government officials, but also from the media and members of the public. *See* Doe Decl. ¶ 27.

Because the Doe Plaintiff's immigration status could place them at risk for potential harm, both from potential government retaliation and public harassment, it

---

[1]  *See, e.g.*, Steve Contorno, *Desantis Vows Florida Will Transport More Migrants from Border to Other States*, CNN (Sept. 16, 2022), https://www.cnn.com/2022/09/16/politics/desantis-marthas-vineyard-migrants [https://perma.cc/3N3F-JK4R].
[2]  Ivan Taylor, *Concern Grows Over Immigration Bill Moving in the Florida Legislature*, CBS NEWS MIAMI (April 28, 2023), https://www.cbsnews.com/miami/news/concern-grows-over-immigration-bill-moving-in-the-florida-legislature [https://perma.cc/D36P-E2L4].
[3]  Ana Ceballos, Bianca Padro Ocasio & David Ovalle, *DeSantis Wants to Keep Venezuelan Migrants from Florida. Some May End Up Here Anyway.*, TAMPA BAY TIMES (Sept. 16, 2022), https://www.tampabay.com/news/florida-politics/2022/09/16/desantis-wants-keep-venezuelan-migrants-florida-some-may-end-up-here-anyway [https://perma.cc/2DSC-JKVL].

is the type of intimate information that should be protected.

## II. DEFENDANTS WOULD NOT BE PREJUDICED BY THE DOE PLAINTIFF PROCEEDING ANONYMOUSLY.

The Doe Plaintiff should be permitted to proceed under a pseudonym because the Defendants would face no discernable prejudice. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (lawsuits "challenging the constitutional, statutory or regulatory validity of government activity . . . involve no injury to the Government's 'reputation.'"). Where, as here, resolution of the case will solely "depend on the resolution of a legal question," any possible "inconvenience to defendants should be relatively low." *Doe v. Barrow Cnty.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003). The Defendants, who are sued exclusively in their official capacity as state officials, will be able to fully defend the matter without reference to the specifics of the Doe Plaintiff's identity and will suffer no reputational damage. As such, the Doe Plaintiff's interest in anonymity clearly outweighs any conceivable prejudice to Defendants.

## CONCLUSION

For the foregoing reasons, the Doe Plaintiff's Motion for Leave to Proceed Under a Pseudonym should be granted.

## **LOCAL RULE 7.1(C) CERTIFICATE OF CONFERRAL**

On June 1, 2023, counsel for Plaintiffs conferred with counsel for both Defendants. The Defendants oppose the Motion.

## **LOCAL RULE 7.1(F) CERTIFICATE**

This Memorandum contains 1,588 words.

Respectfully submitted this 8th day of June, 2023,

                               */s/ Nicholas L.V. Warren*

Adriel I. Cepeda Derieux\*
Julie A. Ebenstein (FBN 91033)
Megan C. Keenan\*
Dayton Campbell-Harris\*
Sophia Lin Lakin\*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
acepedaderieux@aclu.org
jebenstein@aclu.org
mkeenan@aclu.org
dcampbell-harris@aclu.org
slakin@aclu.org

Roberto Cruz (FBN 18436)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 754-1935
rcruz@latinojustice.org

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Estee M. Konor†
**Dēmos**
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6065
ekonor@demos.org

9

Cesar Z. Ruiz*  
Fulvia Vargas De-Leon†  
Ghita Schwarz†  
**LatinoJustice PRLDEF**  
475 Riverside Drive, Suite 1901  
New York, NY 10115  
(212) 392-4752  
cruiz@latinojustice.org  
fvargasdeleon@latinojustice.org  
gschwarz@latinojustice.org  

John A. Freedman†  
Jeremy Karpatkin†  
**Arnold & Porter Kaye Scholer LLP**  
601 Massachusetts Avenue, N.W.  
Washington, DC 20001  
(202) 942-5316  
john.freedman@arnoldporter.com  
jeremy.karpatkin@arnoldporter.com  

Evan Preminger†  
Rayne Ellis†  
**Arnold & Porter Kaye Scholer LLP**  
250 W. 55th Street  
New York, NY 10019  
(212) 836-7786  
evan.preminger@arnoldporter.com  
rayne.ellis@arnoldporter.com  

*Attorneys for Plaintiffs*

\* *Admitted pro hac vice*  
† *Motion for leave to appear pro hac vice forthcoming*