IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HISPANIC FEDERATION, et al.,

Plaintiffs,

v.                                                              Case No. 4:23-cv-218-AW-MAF

CORD BYRD, et al.,

Defendants.
_____/

**THE ATTORNEY GENERAL'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED UNDER A PSEUDONYM
AND INCORPORATED MEMORANDUM OF LAW**

Defendant ASHLEY MOODY, in her official capacity as Florida Attorney General (AG), hereby files her Response in Opposition to Plaintiff's Motion for Leave to Proceed Under a Pseudonym (Motion), ECF No. 33, and in support states:

### INTRODUCTION

Federal Rule of Civil Procedure 10(a) requires that a complaint "must name all the parties." Because the openness of judicial proceedings implicates constitutional freedoms and the interests of the public, Rule 10(a) may not be set aside based on the preferences of the parties. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). "Lawsuits are public events." *Id.*, at 324. As such, and due to the public's right of access, courts

must apply a "strong presumption in favor of parties' proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). That presumption may be overcome only in an "exceptional case." *Frank*, 951 F.2d at 323; *National Rifle Assoc. of America, Inc. v. Bondi*, 2018 WL 11014101, *3 (N.D. Fla. 2018)(Slip Copy)[hereinafter NRA]. Eleventh Circuit precedent indicates the presumption has not been overcome in this case.

Plaintiff A. Doe (Doe) alleges they are a legal non-citizen resident of the United States. ECF No. 33, at 2. According to the Complaint, Doe is a citizen of Venezuela who applied for asylum in the U.S. and has been granted Temporary Protected Status (TPS) and work authorization by federal immigration authorities. ECF No. 1, at 10.

In the Motion, Doe alleged that due to SB 7050's prohibitions, they would not be able to continue their work for third party voter registration organizations. ECF No. 33, at 2. Doe further alleged that pursuit of this litigation "could subject them and their family members to public harassment, hostility, or violence." ECF No. 33, at 2. Finally, Doe alleged they seek to avoid any potential social stigma caused by the disclosure of their name and immigration status. ECF No. 33, at 4.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 10(a) "serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts

involved, including the identities of the parties." *Frank,* 951 F.2d at 322; *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001)(discussing the common law right of access and the general presumption that civil actions should be conducted publicly).

As the Eleventh Circuit stated in *Frank*, "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, at 323 (quoting *Doe v. Stegall,* 653 F.2d 180 (5th Cir. Unit A Aug. 1981)).[1] A plaintiff should be permitted to proceed anonymously only in exceptional cases. *Id.*, at 324.

This court previously analyzed a request to proceed under a pseudonym by evaluating three factors outlined by the Eleventh Circuit in *Francis*, i.e., whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled to disclose information of the utmost intimacy, or (3) would be compelled to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *NRA*, 2018 WL 11014101 at 3, *citing*, *Francis*, 631 F.3d at 1316. When the totality of the circumstances is considered, Plaintiff Doe's concerns fail to outweigh the public's right to openness in the judicial system.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc ), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

## APPLICATION TO PLAINTIFF

1. <u>Challenging Government Action is Not Dispositive.</u>

Doe is one of five[2] plaintiffs in this lawsuit, including two individuals who are proceeding under their own names, rather than pseudonyms. The Eleventh Circuit has found that merely suing the government is not in and of itself justification for granting a plaintiff anonymity. *Frank*, 951 F.2d at 324 (stating SMU "does not stand, however, fore the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government").

2. <u>The Standard of Utmost Intimacy</u>.

While this case involves personal information about Doe's immigration status, courts in this circuit previously determined that the "utmost intimacy" standard applies to cases involving issues like abortion, prayer, and religious beliefs. *Francis*, 631 F.3d at 1316 (explaining courts have also considered other contexts, such as whether plaintiffs were minors or were actually threatened with violence or physical harm).

Considering the context that Doe is a lawful resident, their circumstances are arguably comparable to plaintiffs proceeding under their own names who must divulge personal information about themselves and their families that they may prefer not to make public, such as injuries, impacts, psychological traumas, etc. *See Doe v.*

---

[2] Former Plaintiff B. Doe filed a Notice of Voluntary Dismissal on May 31, 2023. ECF 9.

4

*Milwaukee Cty.,* 2018 WL 3458985, at *1 (E.D. Wis. 2018) ("No doubt lots of parties would prefer to keep their disputes private"). Under the circumstances, whatever stigma or embarrassment Doe alleges they and their family members might suffer by divulging information about Doe's immigration status falls short of the exceptional circumstances permitting anonymity. *See Doe v. Neverson*, 820 Fed. Appx 984, 988 (11th Cir. 2020)(stating examples of social stigma courts previously found warranted anonymity included cases involving mental illness, homosexuality, abortion, and religion); *Frank,* 951 F.2d at 324; *Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000)(those who use the courts "must be prepared to accept the public scrutiny that is an inherent part of public trials").

   3. <u>Plaintiff Doe is not Compelled to Admit an Intent to Engage in Criminal Conduct</u>.

The Eleventh Circuit, in *Frank,* recognized that a circumstance common to cases granting anonymity was where a plaintiff was "compelled to admit [her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Frank,* 951 F.2d at 323 (citing *Stegall,* 653 F.2d at 185). In this regard, Doe did not claim that they intended to engage in illegal conduct or to violate the provisions of SB 7050 at issue when they became effective. Rather, Doe alleged the opposite: that they would not be able to continue to work once the provisions of SB 7050 prohibit their previously legal activity regarding voter registration. ECF No. 33 at 2.

The instant case is distinguishable from those cases in which the commission of

5

a crime is necessarily part of a plaintiff's claim. For example, in *Doe v. University of Mississippi,* No. 3:18-cv-138 2018 WL 1703013, at *1 (S.D. Miss. 2018), a plaintiff sued the university over his suspension for an alleged sexual assault he claimed was consensual. Applying the same factors as in *Frank,* the court found that this factor was satisfied because the student's claim "centers upon an allegation that he committed a serious crime." *Id.* at *2. In this case, Doe has not alleged that they committed any crime. Instead, they claim they previously engaged in legal conduct which would later become prohibited when SB 7050 took effect in the future.

Additional Circumstances Alleged.

As to the *Frank* factor regarding physical harm, Plaintiff Doe failed to show that proceeding under their own name entails a real risk of physical harm to them or their family. Doe asserts that anonymity is necessary because disclosure of their identity "could" subject them and their family members to public harassment, hostility or violence. ECF No. 33 at 2. However, Doe failed to point to any specific facts that establish the requisite "real danger of physical harm" specific to them or their family. *Frank*, 951 F.2d at 324. Doe has not alleged personal receipt of any threats. The Motion does not indicate why Doe needs anonymity more than an apparently similarly-situated plaintiff who is not proceeding under a pseudonym.[3] The general risk that

---

[3] Like Doe, Plaintiff Norka Martinez applied for asylum in the U.S. and has been granted TPS and work authorization from federal immigration authorities. ECF No. 1, at 11. Similar to Doe, prior to the enactment of SB 7050, Martinez worked as a

litigants involved in controversial causes will be illegally threatened or harassed by ideological antagonists should be taken seriously; but the proper solution to that problem is to vigorously enforce existing laws prohibiting such misconduct, not to ignore the "clear mandate" of Rule 10(a) and thereby abridge the rights of the press, the public, and other parties to the litigation.

In their allegations about the political climate, Doe referenced news articles that appear to relate mainly to migrants who lack lawful status. Doe alleged they have already been granted lawful resident status by federal immigration authorities; therefore, Doe's circumstances do not appear to be comparable to those of migrants who lack proof of lawful residency or protected status. The rationale for granting undocumented migrants anonymity is often that disclosure of their identities may bring them to the attention of federal immigration authorities. However, Doe is already known to federal immigration authorities and the allegations indicate Doe received positive results from them. Based on the allegations of their lawful and protected status in the U.S., the allegations fail to substantiate a real threat to Doe as a result of participating in this lawsuit. Further, Doe's lawful resident status was granted by the federal government, and Doe has not detailed allegations that state government officials have the authority to alter the federal law or decisions which provided them legal resident status. Doe's allegation about potential retaliation is similarly bare – the

---

canvasser who helped people register to vote. ECF No. 1, at 10-11.

allegations do not provide information beyond speculation that state or local officials could subject Doe to "additional scrutiny and harassment." Doe Decl. ¶ 27, ECF No. 32-5. Doe has not demonstrated that that their immigration status should outweigh the presumption of openness in judicial proceedings.

The immigration status of plaintiffs in cases cited by the Doe Plaintiff are distinguishable because those migrants were not in the United States legally, whereas Doe alleged they are a legal resident. *See Keller v. City of Fremont*, 2011 WL 41902, at *1 (D. Nebraska 2011)(explaining the movants wished to remain anonymous because they could not demonstrate their lawful presence in the United States); *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010)(explaining the District Court found the Doe Plaintiffs faced exponentially greater risk of harassment *because of their unlawful status*).[4]

Even though the public's right of access to judicial proceedings is not absolute, the exception to Rule 10(a) is very limited in light of the well-established principle of the

---

[4] *International Refugee Assistance Project v. Trump*, 2017 WL 818255 (D. Maryland 2017) is also distinguishable in that the plaintiffs, though lawful U.S. residents or citizens, were largely refugees of the Iraq war whose family members still living abroad in Iraq and elsewhere faced credible threats to their lives as a result of the litigation or as a result of the religious choices of Doe plaintiffs. The plaintiffs' concerns about privacy regarding religion and religious persecution abroad were substantial factors in that case, not simply immigration status alone. Moreover, the cases referenced as "collected" there were largely focused on undocumented immigrants and minors, not adult, lawful migrant plaintiffs.

openness of judicial proceedings, and it is only in "the exceptional case" that a plaintiff may avoid using their own name. *Frank,* 951 F.2d at 323.

## CONCLUSION

Plaintiff Doe did not demonstrate that theirs is the exceptional case that should permit them to proceed anonymously, pursuant to the precedent in this circuit. Therefore, Plaintiff's Motion for Leave to Proceed Under a Pseudonym should be denied.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(F), I hereby certify that this Motion and incorporated Memorandum of Law contains 2269 words.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Stephanie A. Morse*
Stephanie A. Morse
Fla. Bar No. 0068713
Noah Sjostrom
Fla. Bar No. 1039142
Office of the Attorney General
Complex Litigation Bureau
PL 01 The Capitol
Tallahassee, FL 32399-1050
Telephone:    (850) 414-3300
Telefacsimile: (850) 488-4872
Stephanie.Morse@myfloridalegal.com

9

Noah.Sjostrom@myfloridalegal.com
*Counsel for Ashley Moody*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of Court through the CM/ECF filing system, which provides notice to all counsel of record.

*/s/ Stephanie A. Morse*