IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HISPANIC FEDERATION, et al.,

    *Plaintiffs*,

v.                                               Case No. 4:23-cv-218-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

**RESPONSE IN OPPOSITION TO MOTION TO PROCEED UNDER
PSEUDONYM AND INCORPORATED MEMORANDUM OF LAW**

**I.     Introduction**

Plaintiff A. Doe isn't entitled to proceed anonymously. "Lawsuits are public events." *Denton v. Bd. of Governors for the State Univ. Sys. of Florida*, No. 4:22-cv-341-RH-MAF, 2022 U.S. Dist. LEXIS 240809, *2 (N.D. Fla. Nov. 22, 2022). "Judicial hostility to a party's use of a pseudonym springs from our Nation's tradition of doing justice out in the open, neither 'in a corner nor in any covert manner.'" *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 68 (1st Cir. 2022) (citation omitted). Federal Rule of Civil Procedure 10(a) thus requires that "[e]very pleading" in federal court "must name all the parties." "This rule serves more than administrative convenience." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Rule 10 "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties," *id.*, "creat[ing] a strong

1

presumption in favor of parties' proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). To overcome that strong presumption, a party must "show that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315-16 (quoting *Frank*, 951 F.2d at 323) (internal quotation marks omitted). Plaintiff A. Doe has made no such showing.

## II.   Argument

**A.** The "first step" in analyzing a substantial-privacy claim requires courts to assess whether: (1) "the plaintiffs seeking anonymity [are] challenging governmental activity"; (2) "they [will] be required to disclose information of the utmost intimacy"; and (3) "the plaintiffs [will] be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution." *Id.*; *see also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) (establishing the three factors).[1] "Other factors to consider include whether the party seeking anonymity is a minor or faces a real threat of physical harm absent anonymity." *Carrizosa v. Chiquita Brands Int'l, Inc. (In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.)*, 965 F.3d 1238, 1247 (11th Cir. 2020). Anonymity then is "a totality-of-the-circumstances question," *id.* at 1247 n.5, though "in only a very few cases challenging

---

[1] *See Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as precedent the decisions of the U.S. Court of Appeals for the Fifth Circuit handed down before October 1, 1981).

governmental activity can anonymity be justified." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A. Aug. 10, 1981). This isn't one of those cases.

**B.** Plaintiff suggests that the interest in anonymity is "particularly strong" because Plaintiff Doe and her co-Plaintiffs are suing government officials. Doc. 33 at 4. That's not quite right.

"That the defendants here are government officials does not move the needle toward anonymity." *Doe v. Austin*, No. 3:21-cv-1211-AW-HTC, 2021 U.S. Dist. LEXIS 258778, *4 (N.D. Fla. Dec. 1, 2021). The Eleventh Circuit has never held "that there is more reason to grant a plaintiff's anonymity if the plaintiff is suing the government." *Frank*, 951 F.2d at 324. The Eleventh Circuit has only said that suing a private defendant gives "*more* reason *not* to grant the plaintiffs' request for anonymity." *Id.* In other words, the needle moves when the defendants are private entities and stays steady when they're government officials. *See id.* at 323-24 (discussing *S. Methodist Univ.*, 599 F.2d at 713) ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity.").

**C.** Plaintiff also asks for anonymity to protect sensitive information such as personal identifiers and immigration status. Doc. 33 at 5. That Plaintiff Doe's co-Plaintiffs are proceeding without a pseudonym undermines Doe's need to proceed with one. That's especially so when they all assert the same claims.

And, in any event, the need to protect immigration status (or personal identifiers that could be used to assess immigration status) doesn't help Plaintiff Doe.

3

"[I]mmigration status is simply not the type of 'personal information of the utmost intimacy' that warrants abandoning the presumption of openness in judicial proceedings." *Jane Doe 1 v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004) (citing *S. Methodist Univ.*, 599 F.2d at 713). It is different in kind from the limited types of sensitive personal matters the Eleventh Circuit has recognized as requiring anonymity, such as abortion-related information. *Francis*, 631 F.3d at 1316 (collecting cases). Yet, "[e]ven in the abortion context, anonymity is not automatic." *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1030 n.1 (D. Minn. 1998).

To be sure, some courts have permitted plaintiffs to proceed anonymously where their "*illegal* status" (or that of their children) "could lead to criminal prosecution, harassment, and intimidation." *Hispanic Interest Coal. v. Gov. of Ala.*, 691 F.3d 1236, 1247 & n.8 (11th Cir. 2012) (collecting cases) (emphasis added). But that particular concern is not present here. Plaintiff Doe says in the motion that she is "a *legal* non-citizen resident of the United States" who has been "granted Temporary Protected Status." Doc. 33 at 2 (emphasis added); Doc. 32-5 at ¶¶ 7-8 (Declaration of Plaintiff A. Doe).

**D.** Finally, Plaintiff Doe worries about potential harassment and harm. Doc. 32-5 at ¶ 27. Doe "fear[s]" that participating in this litigation as a non-citizen *could* subject her to public harassment, hostility, or violence without providing any explanation of the harassment, hostility, or violence beyond the broader political climate. *Id.*; *see also* Doc. 33 at 6-7. There are concerns about the effects on pending asylum applications (handled by the federal government), Doc. 32-5 at ¶ 27, and an assumption (based on

4

newspaper stories of immigration-related issues) that state officials will act in anything other than good faith when implementing state law. Doc. 33 at 7. The problems here are threefold.

First, Plaintiff Doe's fears are the kind of speculative fears—as opposed to a "real threat of physical harm"—that cut against anonymity. *Carrizosa*, 965 F.3d at 1247.

Second, as a practical matter, harassment as a basis for anonymity is a hard sell. "Courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identify may cause her to 'suffer some personal embarrassment.'" *Francis*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 324). The same is true of alcoholism. *Frank*, 951 F.2d at 324. And suicide-related stigma. *Doe v. Goldman*, 169 F.R.D. 138, 141 (D. Nev. 1996).

Third, Plaintiff Doe is an adult, not a minor. Threats of harassment against minors do cut in favor of anonymity and have, in the recent past, resulted in unopposed orders allowing minors to proceed anonymously. *Compare National Rifle Association of Am., Inc. v. Bondi*, No. 4:18-0cv-137-MW/CAS, 2018 U.S. Dist. LEXIS 239763, *14 (N.D. Fla. May 13, 2018) ("mere evidence of threats and harassment made online is insufficient" "especially" "where the targets of such threats and harassment are not minors"), *with Dekker, et al. v. Weida, et al.*, No. 4:22-cv-325-RH-MAF (N.D. Fla. Sept. 13, 2022) (order granting unopposed motion for a transgender youth and her parents to proceed under pseudonyms in their suit challenging a Florida rule establishing that Florida Medicaid does not cover certain procedures as treatment of gender dysphoria).

### III. <u>Conclusion</u>

In sum, Plaintiff Doe hasn't established that this is one of those exceptional cases where anonymity is appropriate. This Court should deny the motion.

Dated: July 10, 2023                             Respectfully submitted,

Joseph Van de Bogart (FBN 84764)          /s/ Mohammad O. Jazil
joseph.vandebogart@dos.myflorida.com   Mohammad O. Jazil (FBN 72556)
Ashley Davis (FBN 48032)                        mjazil@holtzmanvogel.com
ashley.davis@dos.myflorida.com              Michael Beato (FBN 1017715)
FLORIDA DEPARTMENT OF STATE              mbeato@holtzmanvogel.com
R.A. Gray Building                                    Joshua E. Pratt (FBN 119347)
500 S. Bronough St.                                  jpratt@holtzmanvogel.com
Tallahassee, FL 32399                              zbennington@holtzmanvogel.com
(850) 245-6536                                         HOLTZMAN VOGEL BARAN
                                                              TORCHINSKY & JOSEFIAK
                                                              119 S. Monroe St. Suite 500
                                                              Tallahassee, FL 32301
                                                              (850) 270-5938

## **LOCAL RULE 7.1(F) CERTIFICATION**

Pursuant to Local Rule 7.1(F), this memorandum of law contains 1,222 words excluding the case style, signature block, and any certificate of service.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2023, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil