IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HISPANIC FEDERATION, et al.,**

    *Plaintiffs*,

v.                                   Case No.: 4:23cv218-MW/MAF

**CORD BYRD, et al.,**

    *Defendants*.

_____/

## ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM

This Court has considered, without hearing, Plaintiff A. Doe's motion to proceed under a pseudonym, ECF No. 33, Defendants' responses, ECF Nos. 69 & 70, and Plaintiff's reply, ECF No. 76. For the reasons set out below, the motion is due to be denied.

Ordinarily, parties referred to in a complaint must be identified by their real names. The Federal Rules of Civil Procedure specifically provide that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Similarly, courts have long recognized that "[l]awsuits are public events" and that the public has a "legitimate interest in knowing all of the facts involved [in a case], including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322–24 (11th Cir. 1992). But that doesn't mean that parties can never use pseudonyms. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (explaining that Rule 10(a)'s naming

requirement "is not absolute"). Indeed, even though "[t]he Federal Rules of Civil Procedure do not include provisions for plaintiffs wishing to proceed anonymously[,] . . . courts have allowed plaintiffs to conceal their true identities . . . in a select number of cases." *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007) (citations omitted).

The Eleventh Circuit has made clear that pseudonyms may only be used in "exceptional" cases, *Frank*, 951 F.2d at 323, and that there is "a strong presumption in favor of parties' proceeding in their own names," *Francis*, 631 F.3d at 1315. That presumption can only be overcome where the party seeking to proceed pseudonymously shows that they have "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " *Frank*, 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). In determining whether Plaintiff Doe has such a right, this Court considers the following three factors: (1) whether they are "seeking anonymity challenging government activity," (2) whether they will be "required to disclose information of the utmost intimacy", and (3) whether they will be "compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution." *See Francis*, 631 F.3d at 1316.

This case involves a constitutional challenge to a newly-enacted law regulating third-party voter registration organizations. Plaintiff Doe seeks to proceed

anonymously to avoid retaliation or harassment considering their immigration status and due to the "elevated political climate" concerning immigration more broadly. ECF No. 33 at 6. As to the first factor, Plaintiff Doe is challenging government activity. But suits challenging the constitutional, statutory or regulatory validity of government activity (like this case) "involve no injury to the Government's 'reputation.'" *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) [hereinafter *SMU*]. Accordingly, this first factor only has a neutral effect. *Cf. Frank*, 951 F.2d at 324 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity."); *cf. also Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, at 686 (11th Cir. 2001) ("[N]o published opinion that we are aware of has ever permitted a plaintiff to proceed anonymously merely because the complaint challenged government activity.").

As to the second factor, the Eleventh Circuit has explained that "the 'information of utmost intimacy' standard applies to cases involving issues such as abortion . . . and prayer and personal religious beliefs." *Francis*, 631 F.3d at 1316 (citation omitted). One would think that the standard covers more, but apparently it does not. Indeed, courts have denied the use of pseudonyms in cases involving

3

matters that many would consider extremely private.[1] Here, Plaintiff Doe identifies their immigration status as information raising a privacy concern sufficient to warrant permission to proceed under a pseudonym. But this Court is not persuaded that Plaintiff Doe's temporary protected status raises the same privacy concerns as the information at issue in cases where pseudonyms have been allowed. *Cf. SMU*, 599 F.2d at 712–13 (collecting cases and listing "birth control, abortion, homosexuality, [and] the welfare rights of illegitimate children or abandoned families" as examples of "matters of a sensitive and highly personal nature" (footnotes omitted)). Accordingly, this factor also is of little help to Plaintiff Doe.

Finally, the third factor does not help Plaintiff Doe either. That is, there is no information in the record suggesting that A. Doe has engaged in criminal activity or

---

[1] *Cf. Francis*, 631 F.3d at 1316 (noting that "courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment'" (quoting *Frank*, 951 F.2d at 324)); *Frank*, 951 F.2d at 324 (finding "no abuse of discretion in the district court's implicit conclusion that the stigma involved in Doe's disclosure [of alcoholism] does not rise to the level necessary to overcome the presumption of openness in judicial proceedings); *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1030 n.1 (D. Minn 1998) ("Even in the abortion context, anonymity is not automatic."); *Doe v. Goldman*, 169 F.R.D. 138, 141 (D. Nev. 1996) (police officer was concerned that an allegation that he had attempted suicide by putting a gun to his head would stigmatize him in the employment context; court held that there was "no risk of stigma sufficient to overcome the presumption against proceeding under a fictitious name"); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.* 162 F.R.D. 418, 422 (D. Mass. 1995) (plaintiff claimed she was sexually assaulted, was concerned she that she was infected with HIV as a result, and feared that she would suffer "intense embarrassment and shame within her community"; court held plaintiff had "not demonstrated such a compelling need for privacy as to outweigh the rights of the defendants and the public to open proceedings"); *see also PPP*, 53 U. Kan. L. Rev. at 196 (noting that relatives of 9-11 victims who were "grieving and wary of publicity" were denied their request to pursue their claims anonymously).

that they intend to do so. Nor have they alleged that such information may become part of this case in the future. Accordingly, none of the three factors weigh in favor of using a pseudonym.

Of course, none of these three factors take into account Plaintiff Doe's concerns about the potential harassment and threats they face. To be clear, this Court does not intend to diminish those concerns. This Court recognizes that it has "discretion" and "should carefully review *all* the circumstances of a given case" before deciding "whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *See Frank*, 951 F.2d at 323. Even so, the precedent binding this Court seems to counsel against granting the requested relief. *See, e.g.*, *Stegall*, 653 F.2d at 186 ("The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity."). This Court finds that mere allegations of threats and harassment is insufficient to outweigh the customary and constitutionally embedded presumption of openness in judicial proceedings. This is especially true where the targets of such threats and harassment are not minors and where the subject at issue does not involve matters of utmost intimacy.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Doe's motion to proceed under a pseudonym, ECF No. 33, is **DENIED**.

2. Plaintiffs must file their complaint—without pseudonyms—no later than **Monday, July 24, 2023**.

**SO ORDERED on July 17, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
