UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HISPANIC FEDERATION, et al.,

    Plaintiffs,

v.                                              Case No. 4:23-cv-218-MW-MAF

CORD BYRD, et al.,

    Defendants.

_____/

## FLORIDA ATTORNEY GENERAL'S ANSWER AND DEFENSES TO THE REVISED COMPLAINT

Defendant Ashley Moody, in her official capacity as Florida Attorney General, hereby answers the Revised Complaint (ECF No. 79). Any allegation that is not specifically admitted or qualified is denied. As to the numbered paragraphs of the Revised Complaint,[1] the Attorney General answers as follows:

1. The Attorney General admits the Plaintiffs have filed a lawsuit challenging certain provisions of Senate Bill 7050, (SB 7050).  Otherwise, denied.

---

[1] The Revised Complaint contains paragraph headings to which no response is required; to the extent a response is required, the material in the paragraph headings is denied.

2. Defendant denies the characterizations of Florida law and denies any legal conclusions contained in paragraph 2; admitted that Plaintiffs seek to prevent enforcement of a Florida law. Any remaining allegations are denied.

3. The cited case speaks for itself. Otherwise, denied.

4. The cited case and H.R. REP. 103-9 speak for themselves. Otherwise denied.

5. Without knowledge; therefore denied.

6. Admitted that the governor approved Senate Bill 7050 on May 24, 2023, that the bill revised section 97.0575, Florida Statutes, and the bill's provisions stated it would take effect July 1, 2023. Otherwise, denied.

7. The quoted sentence of § 97.0575(1)(f), Fla. Stat. ends with the words ". . . is a citizen of the United States of America." Otherwise, § 97.0575, Fla. Stat. speaks for itself.

8. Admitted that § 97.0575, Fla. Stat.[2] lists liability for penalties if a third-party voter registration organization, (3PVRO), allows persons who are not U.S. citizens to collect or handle voter registration applications on behalf of the 3PVRO. Otherwise, the statute speaks for itself.

9. Without knowledge; therefore denied.

10. The characterization of the law is denied and any legal conclusions contained in paragraph 10 are denied. Otherwise, without knowledge; therefore denied.

---

[2] As amended by SB 7050.

11. Without knowledge; therefore denied.

12. Any legal conclusions contained in paragraph 12 are denied. Otherwise, without knowledge; therefore denied.

13. Without knowledge; therefore denied.

14. Denied.

15. Denied.

16. Without knowledge; therefore denied.

17. Admitted that Plaintiffs seek declaratory and injunctive relief. Otherwise without knowledge; therefore denied.

18. Admitted that Plaintiffs brought this action under the U.S. Constitution and laws. The cited statutes and rule speak for themselves. The Attorney General denies the Court has jurisdiction over some or all of Plaintiff's claims. Otherwise, denied.

19. Admitted.

20. Admitted.

21. Without knowledge; therefore denied.

22. Without knowledge; therefore denied.

23. Admitted that Hispanic Federation is a registered third-party voter registration organization. Otherwise, without knowledge; therefore denied.

24. Without knowledge; therefore denied.

25. Without knowledge; therefore denied.

26. Admitted that Poder Latinx is a registered third-party voter registration organization. Otherwise, without knowledge; therefore denied.

27. Without knowledge; therefore denied.

28. Without knowledge; therefore denied.

29. Without knowledge; therefore denied.

30. The cited statutes speak for themselves. Otherwise, without knowledge; therefore denied.

31. The cited statute speaks for itself. Admitted the Office of the Attorney General is one office authorized to enforce certain election laws. Otherwise, denied.

32. Without knowledge; therefore denied.

33. The first sentence is admitted; otherwise, without knowledge; therefore denied.

34. The U.S. Census Bureau's website and data speaks for themselves. Otherwise, without knowledge; therefore denied.

35. The first and second sentences are admitted. Otherwise, without knowledge; therefore denied.

36. Denied.

37. Admitted that the Florida Legislature passed HB 1355 in 2011. The referenced law and cited case speak for themselves; otherwise, without knowledge; therefore denied.

38. Admitted that the Florida Legislature passed SB 90 in 2021. Ch. 2021-11, Laws of Fla. and SB 90 speak for themselves.  Otherwise without knowledge; therefore denied.

39. The referenced legislation and case law speak for themselves.  Otherwise, without knowledge; therefore denied.

40. Denied

41. The referenced legislation speaks for itself.  The Attorney General denies the characterizations of the legislation and any legal conclusions contained in paragraph 41.  Otherwise, without knowledge; therefore denied.

42. The legislative record speaks for itself.  Otherwise, without knowledge; therefore denied.

43. The legislative record speaks for itself.  Otherwise, without knowledge; therefore denied.

44. Admitted.

45. The quoted sentence of § 97.0575(1)(f), Fla. Stat. ends with the words ". . . is a citizen of the United States of America."  Otherwise, the statute speaks for itself.

46. Admitted that the revised § 97.0575(1)(f), Fla. Stat. states a 3PVRO "is liable for a fine in the amount of $50,000 for each such person who is not a citizen and is collecting or handling voter registration applications on behalf of the third-party voter registration organization." The referenced statute speaks for itself. Otherwise, denied.

47. The subject statute speaks for itself. Otherwise, without knowledge; therefore denied.

48. The statute speaks for itself. Any legal conclusions contained in paragraph 48 are denied. Otherwise, without knowledge; therefore denied.

49. The text of SB 7050 and § 97.0575, Fla. Stat. speak for themselves. Defendant is without knowledge as to the remainder of the allegations; therefore, denies them.

50. Without knowledge; therefore denied.

51. Without knowledge; therefore denied.

52. Without knowledge; therefore denied.

53. Without knowledge; therefore denied.

54. Without knowledge; therefore denied.

55. Without knowledge; therefore denied.

56. Without knowledge; therefore denied.

57. Without knowledge; therefore denied.

58. Without knowledge; therefore denied.

59. Admitted that the quoted text appears in the cited case, which speaks for itself. Otherwise, without knowledge; therefore denied.

60. The cited case speaks for itself. Otherwise, without knowledge; therefore denied.

61. Without knowledge; therefore denied.

62. Without knowledge; therefore denied.

63. Without knowledge; therefore denied.

64. Denied.

65. Without knowledge; therefore denied.

66. Defendant denies any legal conclusions contained in paragraph 66. Otherwise, without knowledge; therefore denied.

67. Without knowledge; therefore denied.

68. Without knowledge; therefore denied.

69. Without knowledge; therefore denied.

70. Without knowledge; therefore denied.

71. Without knowledge; therefore denied.

72. Without knowledge; therefore denied.

73. Without knowledge; therefore denied.

74. Without knowledge; therefore denied.

75. Without knowledge; therefore denied.

76. Without knowledge; therefore denied.

77. Denied.

## COUNT I

78. Defendant repeats and re-alleges her responses to paragraphs 1-3, 6-8, 9-13, 15-50, and 51-79 of the Complaint as if fully set forth herein.

79. Without knowledge; therefore denied.

80. The referenced Constitutional provision speaks for itself. Otherwise, denied.

81. Denied.

82. Without knowledge; therefore denied.

83. The cited cases speak for themselves. Otherwise, without knowledge; therefore denied.

84. The cited case speaks for itself. Otherwise, without knowledge; therefore denied.

85. The characterizations and legal conclusions contained in paragraph 85 are denied. Otherwise, without knowledge; therefore denied.

86. Without knowledge; therefore denied.

87. Without knowledge; therefore denied.

88. Denied.

89. Denied.

90. The first and second sentences are denied.  The cited case speaks for itself. Otherwise, denied.

91. Denied.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief pursuant to Count I.

## COUNT II

92. Defendant repeats and re-alleges her responses to paragraphs 1-3, 6-8, 9-13, 15-26, 31-50, and 51-79 of the Complaint as if fully set forth herein.

93. Without knowledge; therefore denied.

94. The cited case speaks for itself.  Otherwise, without knowledge; therefore denied.

95. The cited cases speak for themselves. Otherwise, denied.

96. The cited case speaks for itself. Otherwise without knowledge; therefore denied.

97. The cited case speaks for itself. The second sentence is denied. Otherwise, without knowledge; therefore denied.

98. The cited case speaks for itself. Otherwise denied.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief pursuant to Count II.

## COUNT III

99. Defendant repeats and re-alleges her responses to paragraphs 1-8, 9-13, 15-26, 31-50, and 51-73 of the Complaint as if fully set forth herein.

100. Without knowledge; therefore denied.

101. Admitted.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Without knowledge; therefore denied.

108. Denied.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief pursuant to Count III.

## COUNT IV

109. Defendant repeats and re-alleges her responses to paragraphs 1-2, 6-8, 9-13, 15-36, 46-49, 63-70, and 72 of the Complaint as if fully set forth herein.

110. Denied.

111. The cited cases speak for themselves. Otherwise, denied.

112. The cited cases speak for themselves. Otherwise, denied.

113. The cited cases speak for themselves. Otherwise, denied.

114. The referenced statute speaks for itself. Otherwise, denied.

115. Denied

116. Denied.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief pursuant to Count IV.

## COUNT V

117. Defendant repeats and re-alleges her responses to paragraphs 1-2, 6-8, 15-32, 41-47, 49, and 74-79 of the Complaint as if fully set forth herein.

118. Without knowledge; therefore denied.

119. The cited cases speak for themselves. Otherwise, denied.

120. The cited cases speak for themselves. Otherwise, denied.

121. Denied.

122. Denied.

123. The cited cases and statute speak for themselves. Otherwise, without knowledge; therefore denied.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief pursuant to Count V.

## COUNT VI

124. Defendant repeats and re-alleges her responses to paragraphs 1-2, 6-8, 15-32, 41-47, 49, and 74-79 of the Complaint as if fully set forth herein.

125. The statutes speak for themselves. Otherwise, denied.

126. The statute speaks for itself. Otherwise, denied.

127. The final sentence is denied. Otherwise, without knowledge; therefore, denied.

128. The cited statute speaks for itself.

129. The cited cases speak for themselves. Otherwise, denied.

130. The cited case and referenced statute speak for themselves. Otherwise, denied.

131. Denied.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief pursuant to Count VI. Defendant further denies that Plaintiffs are entitled to any relief pursuant to their Prayer for Relief.

## **DEFENSES**

Florida Attorney General Ashley Moody states below the affirmative and other defenses. By stating these defenses, The Attorney General does not assume the burden of proof on any issue, fact, or element of a claim as to which applicable law places the burden on the plaintiffs. In addition, the Attorney General specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, or circumstances that may be discovered and/or further legal analysis of plaintiffs' positions in this litigation.

1. One or more Plaintiffs lack standing.

2. Defendant is entitled to Eleventh Amendment immunity.

3. This Court lacks subject matter jurisdiction over some or all of the claims.

4. Plaintiffs fail to state a claim upon which relief can be granted under one or more counts of the Complaint.

5. There is no basis for an award of attorneys' fees or costs to Plaintiffs in this action.

Respectfully Submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Stephanie A. Morse*
Stephanie A. Morse (FBN 0068713)
Noah Sjostrom (FBN 1039142)
William David Chappell (FBN120449)
**Office of the Attorney General**
Complex Litigation Bureau
PL 01 The Capitol
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Stephanie.Morse@myfloridalegal.com
Noah.Sjostrom@myfloridalegal.com
William.Chappell@myfloridalegal.com
***Counsel for Ashley Moody***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July 2023, a true and correct copy of this document was filed electronically with the Clerk of Court through the CM/ECF filing system, which provides notice to all counsel of record.

*/s/ Stephanie A. Morse*