## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

HISPANIC FEDERATION, et al.,

    *Plaintiffs,*

    v.                              Case No. 4:23-cv-218-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants.*

_____/

### SECRETARY OF STATE'S ANSWER TO
### PLAINTIFFS' REVISED COMPLAINT

    Defendant Cord Byrd, in his official capacity as Florida Secretary of State, hereby answers Plaintiffs' Revised Complaint ("Complaint"). *See* ECF No. 79. Any allegation that is not specifically admitted or qualified is denied. As to the numbered paragraphs of the Complaint, the Secretary answers as follows:[1]

### INTRODUCTION

    1.    The Secretary admits that Plaintiffs have filed a lawsuit challenging various provisions of Senate Bill 7050 ("SB 7050"). The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

---

[1] The headings herein are recreated from Plaintiffs' Complaint and are included for the purposes of organization and clarity only. Further, the headings are material to which no response is required; to the extent a response is required, it is denied.

2.     The Secretary admits that Plaintiffs have filed a lawsuit challenging various provisions of SB 7050. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

3.     The referenced case speaks for itself. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary is without sufficient knowledge as to Plaintiffs' endeavors, signals, values, and beliefs and therefore denies the same. Otherwise, denied.

4.     The referenced case and report speak for themselves. Otherwise, denied.

5.     Admitted that third-party voter registration organizations ("3PVROs") have collected and submitted a number of voter registration forms to Florida's election officials. The referenced numbers speak for themselves. Otherwise, denied.

6.     The Secretary admits that the Florida Legislature passed SB 7050 and that the Florida Governor then approved SB 7050 on May 24, 2023. The Secretary further admits that SB 7050 is an omnibus election bill that imposes new requirements on 3PVROs and that portions of SB 7050 took effect July 1, 2023. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

7.     The referenced statute speaks for itself. Otherwise, denied.

8.     The referenced statute speaks for itself. Otherwise, denied.

2

9.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. The Secretary is without sufficient knowledge regarding Plaintiffs' staffing and therefore denies the same. Otherwise, denied.

10.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

11.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

12.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. The Secretary is without sufficient knowledge as to Plaintiffs' mission, anticipations, and experiences regarding staffing and therefore denies the same. Otherwise, denied.

13.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

14.     The referenced constitutional provision and statute speak for themselves. Otherwise, denied.

15.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

16.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

17.     Admitted that Plaintiffs seek declaratory and injunctive relief. Denied that Plaintiffs are entitled to declaratory or injunctive relief in this case. Otherwise, denied.

## JURISDICTION AND VENUE

18.     The Secretary admits that Plaintiffs brought this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1357 and 42 U.S.C. §§ 1981 and 1983. The referenced statutes speak for themselves. The Secretary admits that Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201-02 and Federal Rule of Civil Procedure 57. The referenced statutes and rule speak for themselves. The Secretary specifically denies that this Court has jurisdiction over some or all of Plaintiffs' claims. Otherwise, denied.

19.     Admitted.

20.     Admitted.

## PARTIES

### A. Plaintiffs

21.     Without sufficient knowledge and therefore denied.

22.     Without sufficient knowledge and therefore denied.

4

23.     Admitted that Hispanic Federation is a registered 3PVRO. Otherwise, without sufficient knowledge and therefore denied.

24.     Without sufficient knowledge and therefore denied.

25.     Without sufficient knowledge and therefore denied.

26.     Admitted that Tides Advocacy-Poder Latinx is a registered PVRO. Otherwise, without sufficient knowledge and therefore denied.

27.     Without sufficient knowledge and therefore denied.

28.     Without sufficient knowledge and therefore denied.

29.     Without sufficient knowledge and therefore denied.

**B. Defendants**

30.     Admitted that Plaintiffs have sued Defendant Cord Byrd in his official capacity as the Secretary of State of Florida and that he is the State's chief election officer. The referenced statutes speak for themselves. Otherwise, denied.

31.     Admitted that Plaintiffs have sued Defendant Ashley Moody in her official capacity as the Attorney General of Florida. The referenced statute speaks for itself. Otherwise, denied.

## FACTS

**A. Third-Party Voter Registration Organizations**

32.     Admitted that 3PVROs collected and submitted a number of registrations to Florida's election officials between 2009 and November 5, 2021. The referenced numbers speak for themselves. Otherwise, denied.

33.     Admitted that Hispanic Federation and Tides Advocacy-Poder Latinx are registered 3PVROs. Otherwise, without sufficient knowledge and therefore denied.

34.     The referenced numbers and website speak for themselves. Otherwise, denied.

35.     Admitted that Florida makes it easy to register to vote using a state-issued voter registration form and an online voter registration system. Admitted that issues related to the online voter registration system arose  in 2018 and 2020. Otherwise, denied.

**B. Florida's Pattern of Increasing Burdens on Third-Party Voter Registration Organizations**

36.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

37.     Admitted that the Florida Legislature passed an election law in 2011. The referenced law and case speak for themselves. Otherwise, denied.

38.     Admitted that the Florida Legislature passed an election law in 2021. The referenced law speaks for itself. Otherwise, denied.

39.     The referenced law and cases speak for themselves. Otherwise, denied.

**C. SB 7050's Non-Citizen Provision**

40.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

41.     The referenced statute speaks for itself. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Florida law's requirements to work in state government including background checks speak for themselves. Otherwise, denied.

42.     The referenced statements speak for themselves. Otherwise, denied.

43.     The referenced statute and statement speak for themselves. Otherwise, without sufficient knowledge and therefore denied.

44.     Admitted.

45.     The referenced statute speaks for itself. Otherwise, denied.

46.     The referenced statutes speak for themselves. Otherwise, denied.

47.     The referenced statute speaks for itself. Otherwise, denied.

48.     The referenced statute speaks for itself. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

49.     The referenced statute speaks for itself. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

**D. The Law's Impact on Plaintiffs**

50.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

51.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

52.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

53.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

54.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, without sufficient knowledge and therefore denied.

55.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

56.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

57.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

58.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

59.     The referenced law and cases speak for themselves. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

60.     The referenced case speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

61.     The referenced publication speaks for itself. Otherwise, without sufficient knowledge and therefore denied.

62.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, without sufficient knowledge and therefore denied.

63.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, without sufficient knowledge and therefore denied.

64.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

65.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

66.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

67.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

68.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, without sufficient knowledge and therefore denied.

69.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

70.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

71.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

72.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

73.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

74.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

75.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

76.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, without sufficient knowledge and therefore denied.

77.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

## CLAIMS FOR RELIEF

### COUNT I: Free Speech and Association
### (Violation of Plaintiffs' First Amendment Rights
### Pursuant to 42 U.S.C. § 1983)

78.     The Secretary incorporates by reference the responses to numbered paragraphs 1-3, 6-8, 9-13, 15-50, and 51-79 of the Complaint.[2]

79.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

---

[2] The Secretary notes that the Complaint as revised has been reduced by two paragraphs. It therefore appears that the paragraph numbers identified in paragraphs 78, 92, 99, 109, 117, and 124 of the Complaint as revised may not fully correspond to the paragraphs that Plaintiffs intended to reference.

80.     The referenced constitutional provision speaks for itself. Otherwise, denied.

81.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

82.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

83.     The referenced cases speak for themselves. Otherwise, denied.

84.     The referenced case speaks for itself. Otherwise, denied.

85.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

86.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

87.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

88.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

89.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

90.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, denied.

91.     The referenced case speaks for itself. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count I of the Complaint.

### COUNT II: Substantial Overbreadth
### (Violation of Plaintiffs Hispanic Federation's and Poder Latinx's First Amendment Rights Pursuant to 42 U.S.C. § 1983)

92.     The Secretary incorporates by reference the responses to numbered paragraphs 1-3, 6-8, 9-13, 15-26, 31-50, and 51-79 of the Complaint.

93.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

94.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, denied.

95.     The referenced cases speak for themselves. Otherwise, denied.

96.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, denied.

14

97.     The referenced case speaks for itself. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

98.     The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The referenced case speaks for itself. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count II of the Complaint.

## COUNT III: Burden on Political Speech and Association in Connection with the Fundamental Right to Vote
### (Violation of Plaintiffs Hispanic Federation's and Poder Latinx's First and Fourteenth Amendment Rights Pursuant to 42 U.S.C. § 1983)

99.     The Secretary incorporates by reference the responses to numbered paragraphs 1-8, 9-13, 15-26, 31-50, and 51-73 of the Complaint.

100.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

101.    Admitted.

102.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

103.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

104.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

105.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

106.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

107.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. Otherwise, denied.

108.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count III of the Complaint.

## COUNT IV: Due Process – Void for Vagueness
### (Violation of Plaintiffs' Fourteenth Amendment Rights
### Pursuant to 42 U.S.C. § 1983)

109.    The Secretary incorporates by reference the responses to numbered paragraphs 1-2, 6-8, 9-13, 15-36, 46-49, 63-70, and 72 of the Complaint.

110.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

111.    The referenced cases speak for themselves. Otherwise, denied.

112.    The referenced cases speak for themselves. Otherwise, denied.

16

113.    The referenced cases speak for themselves. Otherwise, denied.

114.    The referenced statute speaks for itself. Otherwise, denied.

115.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

116.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count IV of the Complaint.

## COUNT V: Equal Protection – Differential Treatment of Non-Citizens
### (Violation of Plaintiffs Veronica Herrera-Lucha's, Norka Martínez's, and Elizabeth Pico's Fourteenth Amendment Rights Pursuant to 42 U.S.C. § 1983)

117.    The Secretary incorporates by reference the responses to numbered paragraphs 1-2, 6-8, 15-32, 41-47, 49, and 74-79 of the Complaint.

118.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. The Secretary is without sufficient knowledge regarding Plaintiffs' employment, legal status, or finances and therefore denies the same. Otherwise, denied.

119.    The referenced cases speak for themselves. Otherwise, denied.

120.    The referenced cases speak for themselves. Otherwise, denied.

121.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

122.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

123.    The referenced case and statute speak for themselves. Florida law's requirements to work in state government including background checks speak for themselves. The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count V of the Complaint.

### COUNT VI: Non-Citizens' Rights to Contract
**(Violation of Plaintiffs Veronica Herrera-Lucha's, Norka Martínez's, and Elizabeth Pico's Rights under 42 U.S.C. § 1981)**

124.    The Secretary incorporates by reference the responses to numbered paragraphs 1-2, 6-8, 15-32, 41-47, 49, and 74-79 of the Complaint.

125.    The referenced statute speaks for itself. Otherwise, denied.

126.    The referenced statute speaks for itself. Otherwise, denied.

127.    The Secretary specifically denies the characterization and legal conclusions concerning SB 7050. The Secretary also specifically denies the allegations concerning the potential impact of SB 7050. The Secretary is without sufficient knowledge regarding Plaintiffs' employment, legal status, or finances and therefore denies the same. Otherwise, denied.

18

128.   The referenced statute speaks for itself. Otherwise, denied.

129.   The referenced cases speak for themselves. Otherwise, denied.

130.   The referenced statute and case speak for themselves. Otherwise denied.

131.   The referenced statute speaks for itself. Otherwise, denied.

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count VI of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary further denies that Plaintiffs are entitled to any relief pursuant to the Complaint.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under the U.S. Constitution's First Amendment.

2.   Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under the U.S. Constitution's Fourteenth Amendment.

3.   Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under 42 U.S.C. § 1981.

4.   Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted under 42 U.S.C. § 1983.

5.   Plaintiffs' requested relief is contrary to article I, section 4, clause 1 of the U.S. Constitution, and otherwise contradicts constitutional separation-of-powers and federalism requirements.

6.     Some or all of Plaintiffs lack standing to pursue the claims asserted.

7.     Some of Plaintiffs' claims will be mooted by the Secretary's pending rulemaking.

8.     There is no basis for an award of attorneys' fees or costs to Plaintiffs in this action.

9.     Plaintiffs fail to allege any basis upon which injunctive relief would be available from this Court.

10.    The Secretary reserves the right to identify additional affirmative defenses.

Dated: July 24, 2023                    Respectfully submitted,

Bradley R. McVay (FBN 79034)            /s/ Mohammad O. Jazil
brad.mcvay@dos.myflorida.com            Mohammad O. Jazil (FBN 72556)
Joseph Van de Bogart (FBN 84764)        mjazil@holtzmanvogel.com
joseph.vandebogart@dos.myflorida.com    Joshua E. Pratt (FBN 119347)
Ashley Davis (FBN 48032)                jpratt@holtzmanvogel.com
ashley.davis@dos.myflorida.com          Michael Beato (FBN 1017715)
FLORIDA DEPARTMENT OF STATE             mbeato@holtzmanvogel.com
R.A. Gray Building                      zbennington@holtzmanvogel.com
500 S. Bronough St.                     HOLTZMAN VOGEL BARAN
Tallahassee, FL 32399                   TORCHINSKY & JOSEFIAK
(850) 245-6536                          119 S. Monroe St. Suite 500
                                        Tallahassee, FL 32301
                                        (850) 270-5938

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I electronically filed the foregoing with the

Clerk of Court by using CM/ECF, which automatically serves all counsel of record for

the parties who have appeared.

                                        /s/ Mohammad O. Jazil
                                        Mohammad O. Jazil