# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

HISPANIC FEDERATION, *et al.*,

    *Plaintiffs*,

v.

CORD BYRD, *etc., et al.*,

    *Defendants*.

Case No. 4:23-cv-00218-MW-MAF

## REPORT OF RULE 26 INITIAL CONFERENCE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's June 28, 2023 Order Setting Deadlines (ECF No. 64), the following counsel of record conducted a Rule 26(f) meeting on July 19, 2023:[1]

| **Counsel** | **Parties** |
|---|---|
| Cesar Z. Ruiz<br>Julie A. Ebenstein<br>Adriel I. Cepeda Derieux<br>Megan C. Keenan | Plaintiffs Hispanic Federation, Poder Latinx, Verónica Herrera-Lucha, Norka Martínez, and Elizabeth Pico. |
| Ashley E. Davis<br>Joseph Scott Van De Bogart<br>Joshua E. Pratt<br>Michael Beato<br>Mohammad O. Jazil<br>Noah T. Sjostrom<br>Stephanie Anne Morse<br>William Chappell | Defendants Secretary of State and Attorney General |

The parties hereby submit this joint report and proposed discovery plan concerning matters set forth in Federal Rule of Civil Procedure 26(f) and this Court's orders, all of which were addressed during the parties' telephone conference.

**A.     Magistrate Judge Jurisdiction**

The parties have conferred regarding this issue.

---

[1] Counsel for Plaintiff in the instant case and the plaintiffs in the cases styled, *League of Women Voters of Fla., Inc., et al. v. Byrd,* Case No. 4:23cv-216-MW/MAF (N.D. Fla.), and *Florida State Conference of NAACP et al. v. Byrd*, Case No. 4:23-cv-215-MW-MAF (N.D. Fla.) and the respective plaintiffs groups agree to the schedule proposed by Plaintiffs in this action and to the terms expressed in this report except as specified in the Reports of Rule 26 Conference in their respective cases.

2

B.   **Nature and Bases of Claims and Defenses**

   **1. Plaintiffs' Claims**

Plaintiffs Hispanic Federation, Poder Latinx, Veronica Herrera-Lucha, Norka Martinez and Elizabeth Pico (Hereinafter collectively referred to as "Plaintiffs") challenge the constitutionality of the non-citizen affirmation provision of Florida's recently enacted SB 7050. The Plaintiffs challenge provisions of SB 7050 that prohibit certain individuals from collecting or handling any voter registration materials based on their citizenship.

Plaintiffs assert that these provisions severely burden their rights under the First and Fourteenth Amendments, as well as their federal statutory rights, and that there is no legitimate, much less compelling, state interest in targeting the voting or registration processes in these ways. Specifically, the 3PVRO Restrictions burden Plaintiffs' rights to speech and association under the First Amendment, are facially discriminatory in violation of the Fourteenth Amendment, and are vague and overbroad in violation of both the First and Fourteenth Amendment. Lastly, Plaintiffs also allege that SB 7050's restrictions on noncitizens handling voter registration materials is preempted by 42 U.S.C. § 1981.

### 2. Defendants Secretary of State and Attorney General's Defenses

The Secretary and Attorney General (Hereinafter collectively referred to as "Defendants") contend that the challenged provisions of SB 7050 are reasonable election regulations and are justified by compelling governmental interests, such as preventing election fraud. The Defendants further contend that the challenged regulations, are constitutional and statutorily permissible. Moreover, Defendants contend that one or more of the plaintiffs do not have standing to challenge SB 7050.

## C.  Settlement and Alternative Dispute Resolution

### 1. Settlement

The parties agree that settlement is unlikely at this time.

### 2. Alternative Dispute Resolution

The parties agree that mediation (or other forms of alternative dispute resolution) is not likely to be helpful in settlement until the Court decides the merits of Plaintiffs' claims.

## D.  Proposed Schedule

The parties have agreed to the following proposed schedule:

| Deadline or Event | Plaintiffs' Dates | Defendants' Dates | Intervenor-Defendants' Dates |
|---|---|---|---|
| Mandatory Initial Disclosures | August 3, 2023 (14 days after Rule 26 conference) | - | |

| Certificate of interested persons and corporate disclosure statement | Filed by Plaintiffs May 25, 2023 | - | |
|---|---|---|---|
| Motions to add parties or amend pleadings | | - | |
| Plaintiffs' Expert Disclosures | September 22, 2023 | October 23, 2023 | |
| Defendants' Expert Disclosures | October 23, 2023 | November 27, 2023 | |
| Plaintiffs' Expert Rebuttal Report | November 6, 2023 | December 26, 2023 | |
| Close of discovery | November 13, 2023 | January 25, 2024 | |
| Dispositive motions | November 17, 2023 | February 26, 2024 | |
| Oppositions to Dispositive Motions | December 8, 2023 | March 18, 2024 | |
| Replies in Support of Dispositive Motions | December 15, 2023 | April 1, 2024 | |
| Attorney's pretrial conference | December 29, 2023 (45 days before trial) | April 8, 2024 | |
| Motions *in limine*, and *Daubert* motions | January 2, 2024 (15 days before Pre-Trial Conference) Responses due: January 12, 2024 (5 days before pretrial conference) | April 15, 2024 April 29, 2024 | |

| | | | |
|---|---|---|---|
| Pre-Trial Disclosures (exhibit lists, witness lists) | January 9, 2024 (34 days before trial) | May 13, 2024 | |
| Trial brief or memorandum with citation | January 9, 2024 (35 days before trial) | May 13, 2024 | |
| Final pretrial conference | January 17, 2024 (26 days before trial) | May 20, 2024 | |
| Trial term begins | ~ February 12, 2024[2] | May 27, 2024 | |
| Estimated length of trial | 10 days | - | |
| Jury/Non-Jury | Non-Jury | | |
| Mediation | None proposed | | |
| All parties consent to proceed before magistrate judge | Yes __ No X | | |

### E.  Discovery Plan

The parties propose this discovery plan:

**1. Subjects of Discovery**

One or more of the parties expect that discovery will be needed on these subjects: data regarding volunteer assistance for voter registration and during elections in Florida; data regarding which voters are registered to vote by 3PVROs, data regarding the enactment of SB 7050, the legislative process in enacting SB

---

[2] Plaintiffs are amenable to moving the beginning of the trial term to a date closer to the final pretrial conference, if doing so is feasible and fits the Court's schedule.

7050, any analyses concerning SB 7050, and any impact outside groups had on drafting and enacting SB 7050; data regarding state officials' policy, stance, or position on SB 7050; and data regarding communications between state officials regarding SB 7050; and documentation of the plaintiffs' standing, documentation of the plaintiffs' 3PVRO activities, and documentation of any 3PVRO complaints directed at the plaintiffs.

## 2. Electronic Discovery

The parties discussed issues relating to disclosure or discovery of electronically storied information ("ESI"), including pre-discovery initial disclosures, and agree to the following: (1) Disclosure or production of electronically stored information will generally be limited to data reasonably available to the parties in the ordinary course of business, but may also include data that may have been developed or available to defendants in the course of the 2022 and other elections; (2) the parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business, or data that might have been developed or made available to defendants in the course of the 2022 and other elections; (3) the parties agree to produce electronically stored information in native format where feasible; (4) the parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction; (5) the parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the

inadvertent production of privileged information; and (6) the parties do not at this moment expect that any other problems will arise in connection with electronic or computer-based discovery.

### 3. Timing of Discovery and Trial

Plaintiffs contend that the deadline for fact discovery should be November 13, 2023. Plaintiffs contend that motions for summary judgment should be filed by November 17, 2023 and be fully briefed by December 15, 2023.

The premise of the provisional dates set out above is that the Court will be in a position to rule on the dispositive motions after December 15, 2023, and the case will be ready for trial on about February 12, if not before as noted above. This schedule allows the parties to prepare and file exhibit lists, objections, *Daubert* motions (and responses), motions *in limine* (and responses), witness lists, and other pretrial filings as the Court may direct, as well as proposals for the consolidation of various issues for trial.

The parties submit that a 10-day trial will ensure that this matter is resolved expeditiously. Plaintiffs contend that there would be sufficient time to implement any relief the Court might order as to the 2024 elections without disruption should Plaintiffs prevail at trial, *see Purcell v. Gonzalez*, 549 U.S. 1 (2006), while allowing sufficient time to conduct discovery and submit pretrial filings, with a trial date of February 12, 2024, or before as noted above. Plaintiffs submit that a scheduling

hearing with the Court would be useful to discuss the diverging proposed schedules and potential issues with the Secretary's refusal to acknowledge relief could be implemented as to the 2024 elections without disruption should Plaintiffs prevail at trial.

The Secretary contends that, considering the breadth of plaintiffs' proposed discovery, the number of plaintiffs' claims, and the three pending SB 7050 cases, that a trial date of February 24 is not feasible. The Secretary also contends that, at this juncture, it is impossible to know whether future judicial intervention in the electoral process would be disruptive; the Secretary is not waiving, and does not intend to waive, any *Purcell* argument. The Secretary and Attorney General contend that a more reasonable trial date is May 27, 2024.

### 4. Forms of Discovery

The parties anticipate all forms of written discovery and depositions may be appropriate as provided by the Federal Rules of Civil Procedure. Plaintiffs expect that certain materials produced will be in the form of electronic or computer-based media, including data, spreadsheets, databases of voter information, and electronically stored documents and emails. The parties at this time do not seek any restrictions on discovery beyond the limitations set forth in this agreement or the Federal Rules of Civil Procedure; however, the parties agree to confer in good faith as needed regarding any proposed limitations on discovery.

## 5. Discovery in Phases

The parties agree that it would not be useful to conduct discovery in phases: Plaintiffs and Defendants agree to complete discovery by November 13, 2023.

## 6. Limitations on Discovery

The parties take the following positions regarding limitations on discovery:

Plaintiffs propose that they, as a group, will issue no more than twenty-five (25) interrogatories to each Defendant, if Defendants agree to a reciprocal limitation. The parties may, however, seek leave for additional interrogatories depending on each party's responses. Plaintiffs note that the Secretary's proposal, below, fails to account for the fact that Plaintiffs in the *Florida State Conference NAACP, et al. v. Byrd*, No.:4:23-cv-00215 case, issued 19 interrogatories to the Secretary on Friday, July 21, 2023, before plaintiff groups received the Secretary's proposal at 1:30pm today, July 24, 2023. This case has not yet been consolidated for discovery purposes with the related cases, *Florida State Conference of the NAACP, et al., v. Byrd*, No.:4:23-cv-00215, and *League of Women Voters of Florida, et al. v. Byrd, et al.*, No.: 4:23-cv-00216 (N.D. Fla.). Plaintiffs are not willing to agree to after-the-fact limits on discovery; and Plaintiffs propose to avoid the Secretary's concern by including the limitation on duplicative discovery set forth in the last paragraph in this Section 6.

10

The Secretary contends that Plaintiffs will collectively issue no more than 30 interrogatories to each Defendant, and that the Secretary and the Attorney General will collectively issue no more than 30 interrogatories to each Plaintiff. The Secretary—under Plaintiffs' plan—would have to answer up to 225 interrogatories in total (from all nine Plaintiffs collectively). The Secretary and Attorney General contend that responding to a total of 30 interrogatories is more reasonable.

Plaintiffs contend that, to the extent practicable, they will coordinate depositions among the parties so that each deponent need only appear once.

The Secretary contends that, because the Plaintiffs in the three SB 7050 cases intend to seek consolidation for discovery and trial, and because their claims substantially overlap, the Plaintiffs in the three cases will coordinate depositions and will only have one opportunity to depose Department of State employees or the Secretary's witnesses for no more than eight hours.

Plaintiffs in the instant case submit that, in similar consolidated litigation challenging SB 90 (2021), Plaintiffs successfully worked with Defendants and counsel for other plaintiffs groups to avoid having any particular employee of the Department of State and Secretary sit for multiple separate depositions, and Plaintiffs did so without waiving in advance the time each plaintiffs group would otherwise have to depose each witness and cover their own non-duplicative questions. Plaintiffs will similarly work cooperatively to avoid separate depositions

11

and duplicative deposition questioning in this case. At this point, however, Plaintiffs cannot agree to waive their ability to depose each witness for a period of up to seven hours, without regard to questioning that may be sought by other plaintiffs groups.

The parties agree, to the extent practicable, that they will not serve discovery requests duplicative of discovery requests issued by a requesting party's co-Plaintiff or co-Defendant, as the case may be, and will make reasonable efforts to identify how the requesting party's discovery request differ from an earlier discovery request directed to the same issue(s) by the requesting party's co-Plaintiff or co-Defendant.

F.      **Suitability of Using Manual for Complex Litigation**

The parties agree that this case should not be made subject to the Manual for Complex Litigation.

Respectfully submitted this 24th day of July, 2023.

/s/ Julie A. Ebenstein

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400

Julie A. Ebenstein (FBN 91033)
Adriel I. Cepeda Derieux*
Megan C. Keenan*
Dayton Campbell-Harris*
Sophia Lin Lakin*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jebenstein@aclu.org
acepedaderieux@aclu.org
mkeenan@aclu.org

12

Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Roberto Cruz (FBN 18436)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 754-1935
rcruz@latinojustice.org

Delmarie Alicea (FBN 1024650)
**LatinoJustice PRLDEF**
523 West Colonial Drive
Orlando, FL 32804
(321) 418-6354
dalicea@latinojustice.org

Cesar Z. Ruiz*
Fulvia Vargas De-Leon†
Ghita Schwarz†
**LatinoJustice PRLDEF**
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org
fvargasdeleon@latinojustice.org
gschwarz@latinojustice.org

John A. Freedman†
Jeremy Karpatkin†
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, N.W.
Washington, DC 20001
(202) 942-5316
john.freedman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com

dcampbell-harris@aclu.org
slakin@aclu.org


Estee M. Konor*
**Dēmos**
80 Broad Street, 4th Floor
New York, NY 10004
(212) 485-6065
ekonor@demos.org

Evan Preminger*
Rayne Ellis*
**Arnold & Porter Kaye Scholer LLP**
250 W. 55th Street
New York, NY 10019
(212) 836-7786
evan.preminger@arnoldporter.com
rayne.ellis@arnoldporter.com

*Attorneys for Plaintiffs Hispanic Federation, Poder Latinx, Verónica Herrera-Lucha, Norka Martínez, and Elizabeth Pico.*

*\*Admitted pro hac vice*
† *Motion for leave to appear pro hac vice forthcoming*

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
**FLORIDA DEPARTMENT OF STATE**
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FBN 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK**
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

*Counsel for Secretary Cord Byrd*

/s/ Stephanie A. Morse
Stephanie A. Morse (FBN 0068713
Noah Sjostrom (FBN 1039142)
William David Chappell (FBN120449)
**Office of the Attorney General**
Complex Litigation Bureau
PL 01 The Capitol
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Stephanie.Morse@myfloridalegal.com
Noah.Sjostrom@myfloridalegal.com
William.Chappell@myfloridalegal.com
*Counsel for Ashley Moody*

14

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 24, 2023 I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                  */s/ Julie A. Ebenstein*
                                                  Julie A. Ebenstein
                                                  Florida Bar No. 91033