## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE**
**OF BRANCHES AND YOUTH UNITS**
**OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                                        Case Nos.: **4:23cv216-MW/MAF**
                                                                                    **4:23cv218-MW/MAF**

**CORD BYRD, in his official capacity**
**as Florida Secretary of State, et al.,**

    *Defendants*.
_____/

## ORDER CONSOLIDATING CASES FOR SCHEDULING AND TRIAL AND SETTING SCHEDULING DEADLINES

This Court has considered, without hearing, the League Plaintiffs' supplemental briefing in support of consolidation. ECF No. 51. The Hispanic Federation Plaintiffs' motion to consolidate, ECF No. 7 in Case No. 4:23cv218, is **GRANTED** with respect to the League Plaintiffs' case, Case No.: 4:23cv216. These cases shall be consolidated for scheduling and trial purposes, under the lead case, Case No.: 4:23cv215. This Order adopts the schedule and deadlines set in the lead case.

Accordingly,

**IT IS ORDERED:**

1. The consolidated bench trial is special set for a two-week trial period that begins on **Monday, April 1, 2024**. A party with a conflict during that trial period must file a notice within 14 days of the date of this order.

2. The discovery deadline is extended to December 18, 2023.

3. The joint scheduling report in the lead case, ECF Nos. 114 in Case No.: 4:23cv215, will control the matters they address, **except to the extent of any conflict with this order**. On matters not addressed in this order or the joint scheduling report, the Initial Scheduling Orders remain in effect.

4. A pleading may be amended only by August 15, 2023, or on a motion showing good cause for not amending by that date. When the Federal Rules of Civil Procedure allow an amendment only with leave of court, a pleading may be amended only with leave of court.

5. Disclosures under Federal Rule of Civil Procedure 26 must be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered.

6. The deadline for filing summary-judgment motions is 21 days after the discovery deadline, January 8, 2024, but *the motions should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.*

7. Local Rule 56.1 applies to summary-judgment motions. Additionally, the parties **must** use the following procedures for filing summary judgment papers:

(a) ***First*****, file a notice listing exhibits to be filed in support of or in opposition to summary judgment. Include the exhibits as attachments to the notice on CM/ECF. Exhibits that cannot be filed on CM/ECF must be submitted to the Clerk along with a hard-copy notice of filing**.

(b) *Second*, file the summary judgment memorandum (motion, response, or reply) pinciting to the ECF number for the exhibit attached to the notice listing the exhibits.

(c) To the extent it is technologically feasible, each party must:

(i) <mark>Highlight</mark> the portion of the exhibit it wishes this Court to see; and

(ii) File deposition transcripts in a form where the text of the testimony is searchable with the control-F function.

(d) The parties should take note that this Court reviews the cited portions of the record. Discrepancies between factual assertions in the parties' memoranda

3

and the actual record do not go unnoticed. The parties should take care to distinguish between record evidence and inferences which can reasonably be made from that evidence.

8. Local Rule 54.1 applies to attorney's fee records. A party must not file attorney's fee records until needed.

9. Deadlines will be determined based on this order (including the joint scheduling report to the extent made applicable by this order), other applicable orders, and the governing rules. Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

10. By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers. The deadline for the attorney conference (as established by the Order for Pretrial Conference) also will be the deadline for disclosures under Federal Rule of Civil Procedure 26(a)(3). The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is seven days later.

11. **A motion in limine or other pretrial motion shall be filed no later than 15 days prior to the pretrial conference, with a response to the motion filed no later than 5 days thereafter, to allow consideration of the motion at or prior to the pretrial conference.**

12.     The attorneys' attention is directed to the American College of Trial Lawyers Code of Pretrial Conduct and Code of Trial Conduct, which set out standards of professionalism that are available on the court's website and at http://www.actl.com/home/news-publications/position-statements-white-papers.

13. The mediation requirement is hereby abrogated.

**SO ORDERED on July 28, 2023.**

s/Mark E. Walker
**Chief United States District Judge**
