IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                                       Case Nos.: **4:23cv215-MW/MAF**
                                                                                 **4:23cv216-MW/MAF**
                                                                                 **4:23cv218-MW/MAF**

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.
_____/

## **PROTECTIVE ORDER**

This Court has considered, without hearing, the League Plaintiffs' agreed motion to enter protective order. ECF No. 141. The NAACP Plaintiffs in Case No. 4:23cv215 and the Hispanic Federation Plaintiffs in Case No. 4:23cv218 also agreed to the protective order. *Id.* at 1. The motion is **GRANTED** as follows:

Counsel for the League Plaintiffs, the Secretary, and the Attorney General in the above-captioned action (the "Action") hereby stipulate and agree to this Protective Order (the "Order") to authorize limited disclosure—and to prevent the further disclosure—of information that is exempt or confidential under sections 97.0585, and 101.62(3), and/or other Florida Statutes, including but not limited to

Chapter 119 ("Confidential Information").[1]

1. This Order applies only to Confidential Information in documents produced in response to (a) requests for document production served in connection with the case styled, *League of Women Voters of Florida, Inc., et al. v. Lee*, Case No. 4:21-cv-186-MW/MAF (and consolidated cases) ("SB 90 Cases") or in this Action, and (b) business records provided in response to an interrogatory under Fed. R. Civ. P. 33(d).

2. A party may produce Confidential Information in this Action notwithstanding the exemptions and confidentiality provisions of sections 97.0585 and 101.62(3), and/or other Florida Statutes, including but not limited to Chapter 119. Similarly, Confidential Information produced in the SB 90 Cases can be used in this Action, subject to the limitations that this Order places on the use and disclosure of Confidential Information. As to documents newly produced

---

[1] Under section 101.62(3), the following information is confidential regarding requests for vote-by-mail ballots:
  1. The date the request was made;
  2. The identity of the voter's designee making the request, if any;
  3. The Florida driver license number, Florida identification card number, or last four digits of the social security number of the elector provided with a written request;
  4. The date the vote-by-mail ballot was delivered to the voter or the voter's designee or the date the vote-by-mail ballot was delivered to the post office or other carrier;
  5. The address to which the ballot was mailed or the identity of the voter's designee to whom the ballot was delivered; the date the ballot was received by the supervisor;
  6. The absence of the voter's signature on the voter's certificate, if applicable; and
  7. Whether the voter's certificate contains a signature that does not match the elector's signature in the registration books or precinct register.

Fla. Stat. Ann. § 101.62(3).

in this Action, a party shall designate as "Confidential" the documents that contain Confidential Information. Similarly, a party may designate a deposition transcript, or a portion thereof, by stating on the record that the transcript is "Confidential" or advising the other parties in writing that the transcript, or portions thereof, are "Confidential"; such designation shall be made within 14 calendar days of the deposition date. Designated documents or transcripts may not be provided to or reviewed by any person other than: counsel in this Action and their paralegals and support staff; testifying and non-testifying experts and their assistants engaged to assist such counsel in the prosecution or defense of this Action; vendors working at the direction of counsel; and any mediator engaged by the parties to this Action. All recipients of Confidential Information shall be bound by this Order. Before receiving or reviewing Confidential Information, testifying and non-testifying experts and their assistants, and individuals who are associated with a vendor working at the direction of counsel and who have access to Confidential Information, must complete the certification attached to this Order. Counsel associated with the experts and vendors shall retain the completed certifications for at least three years after the conclusion of this Action and any associated appeals.

3. A recipient of Confidential Information produced in this Action or in the SB 90 Cases may use Confidential Information only for purposes of this Action

and shall not disclose Confidential Information except as authorized in this Order; provided, however, that a recipient of Confidential Information in the SB 90 Cases may use Confidential Information in the SB 90 Cases as provided by order of this Court in the SB 90 Cases.

4. A party may dispute another party's designation of any documents or information as "Confidential," or any redaction thereof, pursuant to this Order by first providing notice of the dispute to the producing party. If the challenging party and the producing party are unable to resolve the dispute by agreement within two business days, the challenging party may file a Motion for De-Designation with the Court. Such motions may be decided on an expedited basis if such expedited basis is deemed appropriate by the Court.

5. To the extent it is necessary to attach a document marked as containing Confidential Information under this Order to any paper filed in this Action, the receiving party shall first notify the producing party. The producing party will then promptly review the document and advise as to specific Confidential Information therein. Thereafter, such document shall either be filed under seal or have all Confidential Information redacted in accordance with the procedures for sealing of documents and for redactions set forth under the Court's Local Rules.

6. Within 60 days after conclusion of this Action (and any associated appeals),

all Confidential Information shall be either destroyed or returned to the producing party. Counsel shall be responsible to ensure that all testifying and non-testifying experts and assistants who received Confidential Information comply with this paragraph 6.

7. Nothing in this Order shall impose any restriction on the use or disclosure by a party or its agent of information that lawfully came into the possession of the party independent of any disclosure of discovery material made in this Action.

8. Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Information in rendering such advice so long as counsel does not disclose any Confidential Information.

**SO ORDERED on August 24, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FLORIDA STATE CONFERENCE
OF BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,**

    *Plaintiffs*,

v.                                   Case Nos.: 4:23cv215-MW/MAF
                                             4:23cv216-MW/MAF
                                             4:23cv218-MW/MAF

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

    *Defendants*.

_____/

## **PROTECTIVE ORDER CERTIFICATION**

    I have read and understand the Protective Order entered in the above- named litigation and attached to this Certification. I agree to abide by its terms. I will use Confidential Information only for purposes of this litigation and will not disclose Confidential Information except as authorized in the Protective Order.

Signature: _____      Address: _____

Name: _____      _____

Title: _____      _____