**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

HISPANIC FEDERATION, et al.,

    *Plaintiffs*,

    v.                                                                      Case. No. 4:23-cv-218-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

**THE SECRETARY OF STATE'S MOTION FOR SUMMARY JUDGMENT
ON COUNT VI AND MEMORANDUM IN SUPPORT**

Secretary of State Cord Byrd moves for summary judgment on Count VI of the

Hispanic Federation Plaintiffs' Revised Complaint. *See* 4:23-cv-218, Doc.79 (Hispanic

Federation Plaintiffs' Revised Complaint). Count VI is a challenge to SB 7050's Citizen

Restriction under 42 U.S.C. § 1981. For the reasons discussed in the accompanying

memorandum of law, material facts are not in dispute, making summary judgment for

the Secretary appropriate.

## I.  Introduction

SB 7050's Citizen Restriction is the sole provision at issue in this case. It prevents

non-citizens from collecting or handling completed voter-registration forms for third-

party voter registration organizations ("3PVROs").

Plaintiffs allege that the Citizen Restriction violates the right of non-citizen canvassers to contract under 42 U.S.C. § 1981. Section 1981, however, is an improper vehicle to invalidate an election law. The federal statute requires "[a]ll persons within the jurisdiction of the United States" to "have the same right[s]," such as the right to "make and enforce contracts," "as is enjoyed by white citizens." 42 U.S.C. § 1981(a). As far as the Secretary can tell, § 1981 has also never been used to invalidate federal, state, or local statutes, regulations, or ordinances—let alone an election law like SB 7050's Citizen Restriction. Instead, it's been applied to business-to-business negotiation cases, employment-discrimination cases, and union-related cases. Perhaps sensing this, Plaintiffs focus their arguments on federal preemption, contending that by passing § 1981, Congress preempted states from passing laws that might affect a non-citizen's employment. This too is wrong. Section 1981 doesn't preempt the Citizen Restriction.

## II. Undisputed Material Facts

### A. The Citizen Restriction

Under the Citizen Restriction:

(1) Before engaging in any voter registration activities, a third-party voter registration organization must register and provide to the division, in an electronic format, the following information:

. . .

(f) An affirmation that each person collecting or handling voter registration applications on behalf of the third-party voter registration organization is a citizen of the United States of America. A third-party voter registration organization is liable for a fine in the amount of $50,000

2

for each such person who is not a citizen and is collecting or handling voter registration applications on behalf of the third-party voter registration organization.

Ch. 2023-120, § 4, Laws of Fla. (2023) (codified at Fla. Stat. § 97.0575(1)(f)), http://laws.flrules.org/2023/120. The Secretary has offered several important governmental interests in support of the Citizen Restriction. Doc.122-1.[1]

After the law became effective, the Department of State initiated rulemaking to implement the 2023 Law's changes to section 97.0575 governing third-party voter registration organizations. The final version of the rule was filed and adopted by the Department on September 26, 2023. *See* Fla. Admin. Code R. 1S-2.042 (Vote-by-mail Requests), https://www.flrules.org/gateway/ruleNo.asp?id=1S-2.042. A copy of the final rule language is attached, Doc.122-2, together with a copy of the final 3PVRO declaration form adopted as part of the rulemaking, Doc.122-3. The final rule became effective on October 16, 2023. *See* Fla. Stat. § 120.54(3)(e)6. ("The proposed rule shall be adopted on being filed with the Department of State and become effective 20 days after being filed . . . .").

### III.  Legal Standard

Summary judgment is appropriate when, as here, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

---

[1] Doc.122 contains the exhibits to this motion; page citations are to the blue page number in the upper-right corner.

a matter of law." Fed. R. Civ. P. 56(a). While inferences are viewed in favor of the non-moving party, the non-moving party can't rely on conclusory or unsubstantiated statements and discovery responses. *See, e.g.*, *TocMail, Inc. v. Microsoft Corp.*, 67 F.4th 1255, 1265 (11th Cir. 2023); *McKenny v. United States*, 973 F.3d 1291, 1303 (11th Cir. 2020).

## IV.  Argument

Plaintiffs' § 1981 claim fails because it is an improper vehicle to invalidate an election law, and Florida law doesn't otherwise conflict with § 1981.

### A.    Plaintiffs' § 1981 Claim Fails.

Plaintiffs' 42 U.S.C. § 1981 claim against the Citizen Restriction must fail. That provision states in full:

> (1) Before engaging in any voter registration activities, a third-party voter registration organization must register and provide to the division, in an electronic format, the following information:
>
> . . .
>
> (f) An affirmation that each person collecting or handling voter registration applications on behalf of the third-party voter registration organization is a citizen of the United States of America. A third-party voter registration organization is liable for a fine in the amount of $50,000 for each such person who is not a citizen and is collecting or handling voter registration applications on behalf of the third-party voter registration organization.

Fla. Stat. § 97.0575(1)(f). Relevant to Plaintiffs claim, § 1981 states:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all

laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981. Plaintiffs seek to enjoin the Secretary from violating what they allege are the § 1981 contractual rights of non-citizen employees of 3PVROs.

Section 1981 is a post-Civil War statute that prohibits racial discrimination "with respect to the rights enumerated therein," *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 387 (1982) , including the right to "make and enforce contracts," 42 U.S.C. § 1981(a). While § 1981's text and legislative history reflects its race-based aims, *e.g.*, *Gen. Bldg. Contractors*, 458 U.S. at 384-88; *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987); *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1015 (2020), the old Fifth Circuit and the Eleventh Circuit have held that it also prohibits discrimination based on alienage, *see, e.g.*, *Ramirez v. Sloss*, 615 F.2d 163, 167-68 (5th Cir. 1980); *see also Wright v. Southland Corp.*, 187 F.3d 1287, 1297 n.12 (11th Cir. 1999).

Even so, § 1981 itself is an improper means to invalidate election laws. As far as the Secretary can tell, § 1981 has never been used to invalidate federal, state, or local statutes, regulations, or ordinances. Courts have applied the provision in business-to-

business negotiation cases, employment-discrimination cases, and union-related cases. Cases from the Supreme Court[2] and the en banc Eleventh Circuit,[3] and the five most recent Eleventh Circuit § 1981 cases,[4] confirm this understanding.

Plaintiffs may point to *Takahashi v. Fish & Game Commission*, 334 U.S. 410 (1948), *Graham v. Richardson*, 403 U.S. 365 (1971), or *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), to bolster their position that § 1981 applies here; however, these cases are inapt. While they mention § 1981, the cases were decided on Equal Protection Clause grounds, not § 1981 grounds. *Takahashi*, 334 U.S. at 414-15 & n.4; *Graham*, 403 U.S. at 366; *Yick Wo*, 118 U.S. at 374. Section 1981, moreover, was generally invoked in these cases when discussing background federalism principles. *Takahashi*, 334 U.S. at 418-19; *Graham*, 403 U.S. at 376-78. So these cases don't help Plaintiffs.

---

[2] *Comcast Corp.*, 140 S. Ct. 1013 (business-to-business negotiation case); *St. Francis Coll.*, 481 U.S. at 608  (employment-discrimination case); *Gen. Bldg. Contractors*, 458 U.S. at 378 (union-related case).

[3] *Lewis v. City of Union City*, 918 F.3d 1213, 1219 (2019) (en banc) (employment-discrimination case).

[4] *Tynes v. Fla. Dep't of Juv. Just.*, 2023 U.S. App. LEXIS 32836, at *2 (11th Cir. Dec. 12, 2023) (employment-discrimination case); *Phillips v. Legacy Cabinets*, 2023 U.S. App. LEXIS 32550, at *1 (11th Cir. Dec. 8, 2023) (employment-discrimination case); *Hubbard v. Best in Town, Inc.*, 2023 U.S. App. LEXIS 31665, at *1 (11th Cir. Nov. 30, 2023) (employment-discrimination case); *Tolley v. Mercer Univ.*, 2023 U.S. App. LEXIS 31488, at *1 (11th Cir. Nov. 29, 2023) (employment-discrimination case); *Miller v. Ali*, 2023 U.S. App. LEXIS 30547, at *2 (11th Cir. Nov. 16, 2023) (employment-discrimination case).

Plaintiffs' preemption arguments also miss the mark. Preemption can be express or implied. *Kansas v. Garcia*, 140 S. Ct. 791, 797 (2020). Express preemption occurs when a federal statute expressly states that it preempts State action. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992). Implied preemption occurs either (a) when Congress has "legislated so comprehensively in a particular field that it left no room for supplementary state legislation," or (b) when it's impossible to comply with both federal and state law. *Garcia*, 140 S. Ct. at 804-06 (cleaned up). Preemption is not, however, a means to "elevate abstract and unenacted legislative desires above state law." *Va. Uranium, Inc. v. Warren*, 139 S. Ct. 1894, 1907 (2018).

Plaintiffs here only argue that in "enacting Section 1981, Congress occupied the field regarding the right of non-citizens to make and enforce contracts." Doc.79 at ¶ 130. In other words, they're arguing implied field preemption, not express preemption or implied conflict preemption.

There's no implied field preemption here. Section 1981 is not comprehensive legislation that occupies an entire field. It does not "reflect[] a congressional decision to foreclose any state regulation in the area, even if it is parallel to federal standards." *Arizona*, 567 U.S. at 401. It's impossible to say that one statute, with three subsections, can be described as "comprehensive legislation," *id.*, and can be compared favorably to truly comprehensive federal legislation, *Va. Uranium*, 139 S. Ct. at 1905 (collecting cases). Plus, State regulations in the relevant area—here, contracting—haven't been

foreclosed by § 1981. States, like Florida, still have contract-related statutes on the books. *E.g.*, Fla. Stat. § 760.10 (prohibiting employment discrimination).

To a larger point, Plaintiffs seem to suggest that § 1981 prevents States from passing laws that touch on alienage and employment. That too is wrong. States can constitutionally pass such laws, and have done so regarding police-officer employment, *Foley v. Connelie*, 435 U.S. 291 (1978), and public-school-teacher employment, *Ambach v. Norwick*, 441 U.S. 68 (1979), for example. Granted, *Foley* and *Ambach* are equal-protection cases, not § 1981 cases, but these cases still raise the same questions: if § 1981 can prohibit States from touching alienage and employment, as Plaintiffs say, why wasn't § 1981 invoked? Why wasn't it raised in cases like *Bernal v. Fainter*, 467 U.S. 216 (1984), or *In re Griffiths*, 413 U.S. 717 (1973)? Wouldn't § 1981—an ostensibly straightforward and longstanding statutory remedy—have been a viable alternative to the Equal Protection Clause in these cases?

The better answer is that § 1981 doesn't sweep that far. It applies only to business-to-business negotiation cases, employment-discrimination cases, and union-related cases, and not cases involving State election laws. Plaintiffs would get no further if they argued that Title VII preempts or somehow conflicts with the Citizen Restriction. *Lewis v. City of Union City*, 918 F.3d 1213, 1220 n.5 (2019) (en banc) (§ 1981 employment-discrimination claims are analyzed like Title VII employment-discrimination claims).

Plaintiffs are left to argue that § 1981 invokes a general anti-discrimination principle, which, they say, SB 7050's Citizen Restriction violates. But this is insufficient. "Efforts to ascribe" "objectives to a federal statute" simply aren't good enough. *Va. Uranium*, 139 S. Ct. at 1907. As such, the Secretary is entitled to summary judgment on the § 1981 claim.

## V.  Conclusion

For the foregoing reasons, this Court should enter summary judgment as to the Hispanic Federation Plaintiffs' § 1981 Claim against the Citizen Restriction (Count VI).

Dated: January 18, 2024

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

Respectfully submitted,

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FB 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

John J. Cycon (NYBN 5261912)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy
Haymarket, VA 20169
Telephone: (212) 701-3402
jcycon@holtzmanvogel.com

*Counsel for Secretary Byrd*

*\*Admitted pro hac vice*

## Certificate of Compliance

I certify that the summary-judgment memorandum is 1,975 words, which is under the 8,000-word limit in Local Rule 56.1(B). I also certify that this document complies with the typeface and formatting requirements in Local Rule 5.1.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil

## Certificate of Service

I certify that on January 18, 2024, this document was uploaded to CM/ECF, which sends the document to all counsel of record.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil
