## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

HISPANIC FEDERATION, et al.,

    *Plaintiffs*,

v.                          Case. No. 4:23-cv-218-MW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

    *Defendants*.

_____/

## THE SECRETARY'S REPLY IN SUPPORT
## OF HIS SUMMARY-JUDGMENT MOTION

Secretary of State Cord Byrd replies in support of his summary-judgment motion, Doc.123. Page numbers in docket citations refer to the upper-right, blue page numbers, not the center-middle, black page numbers.

**Argument**

Plaintiffs' response provides much heat but little light. Instead of responding to the Secretary's arguments, Plaintiffs dodge issues, omit statutory language, and raise issues where none exist. A short reply is all that's necessary: the Secretary's summary-judgment motion should be granted for four reasons.

*First*, for the purposes of his summary-judgment motion—and only for the purposes of his motion—the Secretary is not disputing any material facts. Plaintiffs' claim is legally insufficient.

*Second*, as a general matter, § 1981 is an improper vehicle to invalidate a State statute, including a State election regulation. As mentioned in his motion, § 1981 turns on, and was enacted to remedy issues with, race. Doc.123 at 5. To the extent that circuit precedent has interpreted § 1981 to also concern alienage, the Secretary preserves his right to argue to the contrary on appeal. *Compare Wright v. Southland Corp.*, 187 F.3d 1287, 1297 n.12 (11th Cir. 1999) ("Refusing to hire an individual on the basis of alienage is illegal under 42 U.S.C. § 1981."), *with Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1016 (2019) ("When it first inferred a private cause of action under §1981, this Court described it as affording a federal remedy against discrimination *on the basis of race*." (cleaned up and emphasis in original)) *and St. Francis College v. Al-Khazraji*, 481 U.S. 604, 606, 613 (1987) (noting that the district court concluded that "§ 1981 did not cover" "discrimination on the basis of national origin and religion" but that discrimination based on "ancestry or ethnic characteristics" "is

racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory").

The Secretary also contends that § 1981 is an improper vehicle because it's mostly used in employment-discrimination cases—i.e., an employee sues an employer (private or public). Doc.123 at 5-6. Contrary to Plaintiffs' purported confusion, Doc.130 at 18 n.3, that's a different situation from when an individual sues a State over a statute. Essentially, Plaintiffs argue that Title VII—which is interpreted like § 1981 in employment-discrimination cases, *Lewis v. City of Union City*, 918 F.3d 1213, 1220 n.5 (11th Cir. 2019) (en banc)—can invalidate a State statute. Plaintiffs have provided no authority to bear this point out.

*Third*, Plaintiffs provided two cases where a court used § 1981 as a basis to invalidate an ordinance. Doc.130 at 17-18. Fair enough. That Plaintiffs could only muster two cases, both district court cases, and both cases decided within the past seventeen years, doesn't defeat the Secretary's motion. If anything, the cases underscore that since its adoption in the nineteenth century, § 1981 isn't the right vehicle to invalidate State laws. And Plaintiffs' reference to § 1981(c)—that "rights protected by" the statute "are protected against impairment" "under color of State law"—doesn't assist them, because subsection (c) simply "makes clear that" § 1981 "creates a right that" "state actors may violate." *Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000). A public employer, like a local government, may violate § 1981 when it discriminates against a public employee, for example.

3

But more to the point: Plaintiffs don't argue that § 1981 directly invalidates the Citizen Restriction. They argue that it preempts the Citizen Restriction. Doc.79 ¶¶ 124-31. Yet Plaintiffs haven't provided a single case, from any court, since the nineteenth century, that has held that § 1981 preempts State laws. Not one.

*Fourth*, Plaintiffs' preemption arguments don't move the needle. With field preemption, Plaintiffs state that "Congress clearly acted to occupy the field of non-citizens' rights to make and enforce employment contracts," and they cite *Takahashi v. Fish & Game Commission* for the proposition that § 1981 was "part of a 'comprehensive legislative plan for the nation-wide control and regulation of immigration and naturalization.'" Doc.130 at 15 (quoting 334 U.S. 410, 419 (1948)). Again, *Takahashi* doesn't get Plaintiffs far: it's an equal-protection case, not a § 1981 case, and the *Takahashi* Court's statements on § 1981 is dicta. Plaintiffs then fail to respond to the Secretary's argument that § 1981 doesn't "reflect[] a congressional decision to foreclose any state regulation in the area, even if it is parallel to federal standards," given that States have their own contract-related statutes. Doc.123 at 7 (quoting *Arizona v. United States*, 567 U.S. 387, 401 (2012)). The silence is telling.

Plaintiffs also raise a conflict-preemption argument, despite conflict preemption not being raised in their complaint. *E.g.*, Doc.130 at 11-12. The complaint only alleges field preemption: "[i]n enacting Section 1981, Congress occupied the field regarding the right of non-citizens to make and enforce contracts." Doc.79 ¶ 130. To get around this, Plaintiffs argue (in a footnote) that five paragraphs before their field-preemption

paragraph, they allege that the Citizen Restriction is "preempted by a core federal civil rights statute, 42 U.S.C. § 1981." Doc.130 at 14 n.2 (referencing Doc.79 ¶ 125). And because of that paragraph, say Plaintiffs, they can allege any preemption argument. Doc.130 at 14 n.2.

This contention is to no avail. In essence, Plaintiffs argue that if they alleged in a complaint that a law violated the First Amendment, and five paragraphs later, they alleged that the law violated free speech, their earlier invocation of the First Amendment (not withstanding their later specification of free speech) allows them to also raise free press, free exercise, free assembly, petition-redressing, content-based, or view-point-based arguments, too. That can't be right. What controls is what Plaintiffs wrote in their complaint. And what their complaint alleges is field preemption.

Even if they alleged conflict preemption, it's an unconvincing argument. Despite contending that the Secretary "def[ies] Section 1981's plain text," *e.g.*, Doc.130 at 5, Plaintiffs completely omit a key chunk of statutory language: "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . *as is enjoyed by white citizens*." 42 U.S.C. § 1981(a) (emphasis added). In doing so, Plaintiffs don't explain how they can use § 1981 as a means to enforce a right that not every citizen—let alone a citizen of a particular race—enjoys. Not all citizens can collect and handle voter-registration forms under SB7050; the Felon Restriction prevents many from doing so. The *Hispanic Federation* Plaintiffs don't argue that the Felon Restriction is invalid (although the *League* Plaintiffs do).

Plaintiffs thus haven't established that there's an actual conflict between the Citizen Restriction and § 1981.

In sum, the Secretary's summary-judgment motion should be granted.

Dated: February 8, 2024

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

Respectfully submitted,

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Joshua E. Pratt (FB 119347)
jpratt@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

John J. Cycon (NYBN 5261912)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy
Haymarket, VA 20169
Telephone: (212) 701-3402
jcycon@holtzmanvogel.com

*Counsel for Secretary Byrd*

*Admitted pro hac vice*

## Certificate of Compliance

I certify that the summary-judgment memorandum is 1,136 words, which is under the 8,000-word limit in Local Rule 56.1(B). I also certify that this document complies with the typeface and formatting requirements in Local Rule 5.1.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil

## Certificate of Service

I certify that on February 8, 2024, this document was uploaded to CM/ECF, which sends the document to all counsel of record.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil