UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HISPANIC FEDERATION, et al.,

Plaintiffs,

v.                                        Case No. 4:23-cv-218-MW-MAF

CORD BYRD, et al.,

Defendants.
_____/

# THE ATTORNEY GENERAL'S NOTICE OF JOINDER AND RESPONSE IN OPPOSITION TO THE HISPANIC FEDERATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Attorney General, pursuant to Local Rule 56.1(C), hereby responds in opposition to Plaintiffs' motion for summary judgment. Exhibits cited in the following memorandum are contained in ECF No. 134.

## INTRODUCTION

The Attorney General, ("AG"), joins the Secretary of State's Response to Plaintiff's Motion for Summary Judgment and adopts it in full.  In addition to the relief requested by the Secretary, the AG requests the Court enter an order denying the Plaintiff's motion and granting summary judgment to the Attorney General, pursuant to Fed. R. Civ. P. 56(f).

The AG offers the following additional argument related specifically to the AG's position on the State's interests in the legislation, and standing, as relates to the AG.

## ARGUMENT

**A. The State's interests in SB 7050 are sufficient to defeat the Plaintiffs' Equal Protection clause challenge.**

Throughout this litigation, the OAG has agreed that the State's interests, as articulated in the legislative record and by the Secretary of State, are sufficient to support the legislation at issue. The record reflects the OAG's position that its views of the State's interests in the legislation are not different from the interests previously outlined by legislators and further explained by the Secretary and his staff. ECF No. 134-1, Guzzo Dep. Tr., 90:2-7; 96:4-9; 124:19-24. The record includes adequate evidence of the State's interests as a whole. *See League of Women Voters of Fla., Inc. v. Florida Sec'y of State*, 81 F.4th 1328, 1333 (11th Cir. 2023) (legislators' justifications for enacting election legislation are sufficient evidence for a court to consider regarding a state's interests).

**B. The Plaintiffs lack standing against the Attorney General as relates to the challenged civil provisions.**

Plaintiffs allege that the AG is tasked with the responsibility to enforce § 97.0575, Fla. Stat. ("the Law"). Rev. Compl., ¶ 31. It is true the text of the statute

contains permissive language allowing the Secretary to refer violations to the Office of the Attorney General, ("OAG").[1]  However, as a practical matter, the way the civil fines under the Law have been handled for years shows that after the Secretary's decision to levy a fine, there are multiple steps and contingencies independent of the OAG which may foreclose the prospect of referral.  The Secretary, rather than the AG, determines the amounts of fines, issues fine letters to 3PRVROs, and determines whether to waive fines or engage in further administrative proceedings.[2]  ECF No. 134-2 Darlington Dep. Tr. 45:4-18; 52:5-7; 135:21-25 – 136:1-3; Rule 1S-2.042(6)(c), (d), Fla. Admin. Code.  In effect, the civil provisions have been enforced by the Secretary. Under the statute, the Attorney General's role is entirely and wholly contingent upon a permissive referral provision; the statute does not mandate that the Secretary make a referral.  Even after any referral, the provision is permissive regarding civil enforcement.  The Attorney General is not a mandatory participant in enforcement of the civil provisions, unlike the Supervisors of Elections' mandatory reporting requirement this Court has previously considered. See DE 199 at 9.  The

---

[1] The Law does not mandate referral of a matter to the OAG. The Secretary's representative is not aware of having referred a civil fine to the OAG. ECF No. 134-2, Darlington Dep. Tr. 52:21-25; 53:1.

[2] 3PVROs who contest the Secretary's fine letters can and do (a) dispute the fines via informal appeals to the Secretary's office, and (b) litigate those disputes with the Secretary at the Division of Administrative Hearings.  ECF No. 134-2 Darlington Dep. Tr. 24:1-4; 52:7-12.

Attorney General's potential involvement is far downstream from what has been the actual enforcement mechanism of these provisions historically. ECF No. 220-1, Darlington Dep. Tr., 45:4-18; 51:16-20. Thus, it is clear that Plaintiffs' alleged prospective harms are not exclusive to or traceable to the OAG. *See Walters v. Fast AC, LLC*, 60 F.4th 642, 650 (11th Cir. 2023) ("the Plaintiff would have been injured in precisely the same way without" defendant's conduct); *Support Working Animals, Inc. v. Governor of Florida*, 8 F. 4th at 1203 (plaintiffs lacked standing where defendant "had neither enforced nor threatened to enforce the state law").

Similarly, Plaintiffs' alleged harms related to the civil provisions are not redressable by an injunction against the Attorney General. Plaintiffs' "immediate gripe" is not with the AG. *Id*. The Secretary has authority to collect civil fines. See ECF 134-2 Darlington Dep. Tr. 45:4-18; 51:16-20. If fines were not paid, subsection (12) of § 97.0575, Fla. Stat. indicates a 3PVRO's registration would be cancelled. Registration of 3PVROs is a regulatory matter administered by the Secretary, not the OAG.

As a result, an injunction against the Attorney General would not offer even partial relief of Plaintiffs' alleged potential injuries that could support standing. *Garcia-Bengochea v. Carnival Corporation*, 57 F.4th 916, 927 (11th Cir. 2023). Because an injunction against the Attorney General would not offer even partial relief, any harm from the civil provisions is not traceable to the Attorney General or

redressable by an injunction against the Attorney General; therefore Plaintiffs have failed to establish standing with respect to the civil provisions, as they relate to the AG. *ACLU, Inc. v. Lee*, 546 F.Supp.3d 1096, 1101 (N.D. Fla. 2021).

## CONCLUSION

For the foregoing reasons, as well as those advanced by the Secretary of State, this Court should enter summary judgment in favor of Defendants and deny Plaintiffs' Motion for Partial Summary Judgment.

## LOCAL RULE 7.1(F) CERTICIATION

Pursuant to Local Rule 7.1(F), the number of words in the memorandum is 978.

Respectfully Submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Stephanie A. Morse*
Stephanie A. Morse (FBN 0068713)
Noah Sjostrom (FBN 1039142)
**Office of the Attorney General**
Complex Litigation Bureau
PL 01 The Capitol
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
Stephanie.Morse@myfloridalegal.com

Noah.Sjostrom@myfloridalegal.com
**Counsel for Ashley Moody**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February 2024, a true and correct copy of this document was filed electronically with the Clerk of Court through the CM/ECF filing system, which provides notice to all counsel of record.

/s/ Stephanie A. Morse