IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HISPANIC FEDERATION, et al.,**

   *Plaintiffs*,

v.                                       Case No.: 4:23cv218-MW/MAF

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

   *Defendants*.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT**

This Court has considered, without hearing, Plaintiffs' motion for summary judgment with respect to their challenge to the "Citizenship Requirement," section 97.0575(1)(f), Fla. Stat. (2023), under the Equal Protection Clause of the Fourteenth Amendment, ECF No. 126, Defendants' responses in opposition, ECF Nos. 135 and 136, and Plaintiffs' reply, ECF No. 139. For the reasons set out below, Plaintiffs are entitled to summary judgment against Defendant Byrd with respect to their Equal Protection claim, but summary judgment is due to be denied with respect to this claim against Defendant Moody.

Plaintiffs assert the new "Citizenship Requirement" for individuals who collect or handle voter registration applications on behalf of 3PVROs discriminates based on alienage in violation of the Equal Protection clause. *See* ECF No. 1 ¶¶ 119–

25. This Court has already entered a preliminary injunction prohibiting Defendants from enforcing this provision on Equal Protection grounds. *See* ECF No. 68. Now Plaintiffs move for judgment as a matter of law with respect to this claim.

Defendant Byrd's response concerns the merits of Plaintiffs' claim. Defendant Byrd does not dispute any material facts that Plaintiffs have proffered in support of their Equal Protection claim. ECF No. 136 at 2. Instead, Defendant Byrd asserts this Court should either defer ruling on this motion until the Eleventh Circuit rules upon his appeal of the preliminary injunction order or rule in his favor pursuant to Rule 56(f)(1). Upon review, and as explained more below, this Court concludes that Plaintiffs are entitled to judgment as a matter of law on this claim against Defendant Byrd.

Defendant Moody's response primarily concerns Plaintiffs' standing to proceed against her with respect to the civil enforcement provisions of section 97.0575. As discussed in more detail below, Defendant Moody has raised a dispute of fact as to whether Plaintiffs' injuries are traceable to her or would be redressed by an injunction against her. Accordingly, summary judgment is due to be denied with respect to Plaintiff's claim against Defendant Moody.

I

Summary judgment is appropriately granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, Defendant Byrd does not dispute Plaintiffs' facts in support of their Equal Protection claim. Instead, the dispute involves a purely legal question—whether the Citizenship Requirement survives strict scrutiny or is subject to some exception to strict scrutiny. Accordingly, this Court may "resolve purely legal questions" at this stage. *Rodriguez v. Procter & Gamble Co.*, 465 F. Supp. 3d 1301, 1314 (S.D. Fla. 2020) (citation omitted).

II

This Court begins, as it must, with assessing Plaintiffs' standing to proceed against both Defendants with respect to their Equal Protection Claim. This Court previously concluded, at the preliminary-injunction stage, that Plaintiffs had demonstrated a substantial likelihood of success of proving standing for this claim with respect to both Defendants, based on the threat of civil enforcement of the Citizenship Requirement, financial penalties, and loss of registration as a 3PVRO. But this Court must consider standing anew at each stage in this litigation, taking into consideration the relevant burden of proof at each stage. Thus, Plaintiffs do not automatically establish standing with respect to their summary judgment motion simply because this Court previously ruled in their favor at the preliminary-

injunction stage.

In addition, even if Defendants do not contest standing at this stage, this Court has an independent obligation to assess Plaintiffs' standing as to the claim at issue against both Defendants. Here, this Court considers whether Plaintiffs have demonstrated standing, as a matter of law, with respect to both Defendants, considering whether the undisputed facts demonstrate that at least one Plaintiff has suffered a cognizable injury-in-fact that is traceable to each Defendant and can be redressed by an injunction against each Defendant.

As to both Defendant Byrd and Defendant Moody, the facts establishing Plaintiffs' injuries-in-fact at the preliminary-injunction stage have not changed. *See* ECF No. 68 at 17–21; ECF No. 126-1 at 18–27. Moreover, neither Defendant has proffered evidence to dispute Plaintiffs' factual submissions with respect to their asserted injuries. Plaintiffs have again demonstrated, as a matter of law, that their individual members, like Ms. Herrera-Lucha and Ms. Martínez, have suffered concrete and particularized injuries in that they can no longer work as paid canvassers or they have had the terms of their employment substantially changed to avoid running afoul of the challenged provision. Next, this Court considers whether these injuries are traceable and redressable to Defendants, starting with Defendant Byrd.

As to traceability, Defendant Byrd does not dispute that Plaintiffs' injuries are

4

traceable to his authority to enforce the Citizenship Requirement. *See, e.g.*, §§ 97.0575(8), (12), Fla. Stat. (2023) (authorizing Secretary of State to refer suspected violations of registration restrictions to Attorney General for enforcement and allowing Secretary to cancel a 3PVRO's registration for continued failure to comply with Citizenship Requirement). Indeed, the record is clear that Defendant Byrd intends to enforce the civil penalty provisions that accompany violations of the Citizenship Requirement. *See* ECF No. 125-10 at 72:4–14. Neither the facts, nor the law have changed with respect to Defendant Byrd's role in enforcing the challenged provision. This Court incorporates by reference its earlier analysis regarding traceability with respect to Defendant Byrd. *See* ECF No. 68 at 19–20. Accordingly, for the same reasons this Court previously found that Plaintiffs' injuries are traceable to Defendant Byrd at the preliminary-injunction stage, this Court finds that Plaintiffs have demonstrated, as a matter of law, that their injuries are fairly traceable to Defendant Byrd's threatened enforcement of the challenged provision.

Plaintiffs' evidence similarly demonstrates that an injunction prohibiting Defendant Byrd from enforcing the Citizenship Requirement would redress Plaintiffs' injuries. Again, neither the facts, nor the law have changed with respect to Defendant Byrd's enforcement of the challenged provision. For the same reasons this Court found that removing the threat of enforcement by Defendant Byrd would redress Plaintiffs' injuries at the preliminary-injunction stage, ECF No. 68 at 20, this

Court finds, as a matter of law, that such an injunction would redress their injuries here. Accordingly, this Court concludes, as a matter of law, that Plaintiffs have demonstrated standing to proceed against Defendant Byrd with respect to their Equal Protection claim.

But the same is not true for Defendant Moody. Defendant Moody now disputes whether Plaintiffs' injuries are traceable to her role in enforcing section 97.0575 or redressable by an injunction against her. As to traceability, Defendant Moody asserts that her role, "as a practical matter," is "entirely and wholly contingent upon a permissive referral provision," ECF No. 135 at 3. Defendant Moody has also filed testimony explaining the division of labor between the Attorney General and the Secretary of State that, at this juncture, raises questions about Plaintiffs' theory of traceability based on the referral of violations under section 97.0575(8). *See, e.g.*, *Honeyfund.com, Inc. v. DeSantis*, 622 F. Supp. 3d 1159, 1174 (N.D. Fla 2022) (Walker, C.J.). Based on these new facts concerning the role Defendant Moody plays in the enforcement of the challenged provision, a disputed issue of fact remains as to whether Plaintiffs' injuries are fairly traceable to Defendant Moody. This question must be answered with the benefit of a complete record after trial. Accordingly, Plaintiffs' motion, ECF No. 126, is **DENIED** with respect to Defendant Moody.

6

III

Having concluded that Plaintiffs have standing to proceed against Defendant Byrd with respect to their Equal Protection claim, this Court turns to the merits as to Defendant Byrd. Plaintiffs argue that they are entitled to judgment as a matter of law as to whether the Citizenship Requirement fails strict scrutiny review and violates the Equal Protection Clause of the Fourteenth Amendment. In response, Defendant Byrd argues that this Court should defer ruling on Plaintiffs' motion until the Eleventh Circuit resolves his appeal of the preliminary injunction in this case, however he cites no authority for this suggestion, nor does this Court intend to wait to resolve the pending motion.

Defendant Byrd also argues that this Court should grant summary judgment in *his* favor under Rule 56(f)(1). *See* Fed. R. Civ. P. 56(f)(1) ("After giving notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant."). He argues both that Plaintiffs' motion fails and that *he* is entitled to summary judgment, because Plaintiffs' facial challenge fails the "no set of circumstances" rule from *United States v. Salerno*, 481 U.S. 739, 745 (1987). Defendant Byrd did not frame his arguments in opposition to preliminary injunction this way, and this Court must now engage with the issue so framed. But regardless of how Defendant Byrd applies it—either as defeating Plaintiffs' motion or entitling Defendant Byrd to summary judgment—this newly-framed argument fails.

7

In short, Defendant Byrd has offered a different take on the argument this Court previously rejected at the preliminary-injunction stage with respect to penciling in sub-classes subject to different levels of scrutiny notwithstanding the Florida Legislature's decision to discriminate against *all* noncitizens without regard to their immigration status when they drafted section 97.0575(f). *See* ECF No. 68 at 28 ("First, this Court rejects Defendants' argument that this Court should subject the challenged provision to varying levels of scrutiny based on subgroups that exist nowhere in the statute."). In essence, Defendant Byrd argues that because, according to *Salerno*, Plaintiffs must demonstrate that, "putting aside permanent residents . . . the restriction is facially unconstitutional as to temporary residents and illegal aliens," and because a lower standard of review applies to laws that discriminate against certain subgroups of noncitizens, Plaintiffs must fail in demonstrating that there is no set of circumstances where the challenged provision could be constitutionally applied. But Defendant Byrd misapprehends the *Salerno* rule.

For starters, the Eleventh Circuit has noted that "the question that *Salerno* requires us to answer is whether the statute fails the relevant constitutional test . . . ." *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1256 (11th Cir. 2022). "This '*Salerno* rule,' . . . 'is correctly understood not as a separate test applicable to facial challenges, but a description of the outcome of a facial challenge in which a statute fails to satisfy the appropriate constitutional framework.' " *Messina v. City*

*of Fort Lauderdale, Fla.*, Case No. 21-cv-60168-ALTMAN/Hunt, 2024 WL 301574, at *29 n.21 (S.D. Fla. Jan. 26, 2024) (quoting *Club Madonna*, 42 F.4th at 1256).

In addition, Defendant Byrd has identified no case in which a court has rejected an Equal Protection challenge based on a strict application of *Salerno*'s "no set of circumstances" rule. *See Henry v. Abernathy*, Case No. 2:21-cv-797-RAH, 2022 WL 17816945, at *6 (M.D. Ala. Dec. 19, 2022) ("The Defendants' free-floating 'no set of circumstances' test, untethered from any constitutional standard, not only doesn't make sense on its face (no pun intended) but is also inconsistent with both the Supreme Court's and the Eleventh Circuit's treatment of facial challenges."). Instead, Defendant Byrd cites a recent Eleventh Circuit decision that actually suggests that the Supreme Court has "cut back on the broad statement in *Salerno*." *See Young Israel of Tampa, Inc. v. Hillsborough Area Reg'l Transit Auth.*, 89 F.4th 1337, 1350 (11th Cir. 2024).

Indeed, in *Young Israel of Tampa*, the Eleventh Circuit applied *Salerno* consistent with *Club Madonna*. Specifically, the court began by identifying the relevant constitutional standard and determining whether the challenged provision at issue—in that case the Hillsborough Area Regional Transit Authority's policy prohibiting placement on its vehicles of advertisements that primarily promote a religious faith or organization—failed the test. 89 F.4th at 1350–51 ("Our conclusion

9

that HART's policy is incapable of reasoned application does not depend on Young Israel's identity or the advertisement it wished to run; it depends on the vagueness and imprecision of HART's policy in a vacuum, so the policy is facially unconstitutional.") (cleaned up). The Eleventh Circuit noted that, having determined that the policy failed the relevant constitutional standard, "[o]ur ruling means that there is no circumstance in which this particular ban on religious advertising could ever be lawful." *Id*. at 1351 (quoting *White Coat Waste Proj. v. Greater Richmond Transit Co.*, 35 F.4th 179, 204 (4th Cir. 2022)). The Eleventh Circuit ultimately affirmed the district court's grant of summary judgment but remanded the case to the district court to revise its permanent injunction granting facial relief to Young Israel with respect to only the policy being challenged (and not all future advertisement policies). 89 F.4th at 1352 ("Given our more narrow resolution of the case, the permanent injunction needs to be revised to apply only to HART's current policy."). In the end, "the Eleventh Circuit did not apply *Salerno*'s 'no set of circumstances' language in a vacuum, nor did it reject the facial challenge on the grounds that the policy could be applied constitutionally in some hypothetical scenario." *Henry*, 2022 WL 17816945, at *8 (discussing *Schultz v. Alabama*, 42 F.4th 1298 (11th Cir. 2022). "[I]nstead, the court determined and then applied 'the relevant constitutional tests' to the challenged policy." *Id*.

Consistent with the Eleventh Circuit's application of the *Salerno* rule, this

10

Court considers the relevant constitutional standard and applies it to the challenged provision. Here, the Florida Legislature chose to discriminate against all noncitizens on the face of the challenged provision. The relevant constitutional test to judge whether the Florida Legislature's decision to discriminate against all noncitizens, regardless of immigration status, violates the Equal Protection Clause is whether the law satisfies strict scrutiny. *See Bernal v. Fainter*, 467 U.S. 216, 219 (1984).[1] And here, even if Defendant Byrd has produced evidence of a compelling state interest, Defendant Byrd's evidence fails to create a genuine dispute as to whether the Citizenship Requirement is the least restrictive means available to further the State's asserted interest. *See Bernal*, 467 U.S. at 219–220 ("In order to withstand strict scrutiny, the law must advance a compelling state interest by the least restrictive means available."). Accordingly, this Court rejects Defendant Byrd's argument that either he is entitled to summary judgment under Rule 56(f)(1) because *Salerno* precludes Plaintiffs' facial challenge or that his application of *Salerno* necessarily precludes summary judgment in Plaintiffs' favor.

Having rejected Defendant Byrd's newly-framed *Salerno* argument, this Court turns to Defendant Byrd's remaining arguments in opposition. To start,

---

[1] Again, this Court rejects Defendant Byrd's suggestion that this Court should apply varying levels of scrutiny to different subgroups that exist nowhere in the statutory text at issue. This Court incorporates by reference its analysis regarding the same as previously set out in its preliminary injunction order. *See* ECF No. 68 at 28–30.

Defendant Byrd argues that the political-function exception applies to the Citizenship Requirement, but this Court is again unpersuaded by this legal argument. Defendant Byrd reiterates the same positions argued at the preliminary-injunction stage, but these arguments fail to demonstrate that Defendant Byrd is entitled to summary judgment, or that Plaintiffs' motion should be denied based on an erroneous extension of the political-function exception. Defendant Byrd has come forward with no new facts to raise a genuine dispute concerning this issue, and this Court incorporates by reference its prior analysis rejecting Defendant Byrd's political-function exception arguments. *See* ECF No. 68 at 30–33.

Finally, this Court turns to the pertinent question raised by Plaintiffs' motion and Defendant Byrd's response in opposition. Namely, whether the Citizenship Requirement satisfies strict scrutiny—that is, whether the Citizenship Requirement is the least restrictive means to furthering the State's compelling state interest. As noted above, this Court finds that, assuming *arguendo* that the Citizenship Requirement is supported by a compelling state interest, Plaintiffs have demonstrated that it is not narrowly tailored to further that interest, and Defendant Byrd has failed to proffer any evidence raising a genuine dispute as to the lack of narrow tailoring.[2] Indeed, Defendant Byrd acknowledges that there is a "dearth of

---

[2] Rather than come forward with evidence demonstrating a dispute of fact regarding narrow tailoring, Defendant Byrd only reiterates arguments similar to those that this Court rejected at the preliminary-injunction stage. *See* ECF No. 136 at 7–9. As Plaintiffs point out, Defendant Byrd

evidence involving noncitizens and 3PVRO issues . . . ." ECF No. 136 at 7. Rather than attempt to demonstrate that the Citizenship Requirement is the least restrictive means to further the State's asserted interests, Defendant Byrd relies upon a Voting Rights Act case to suggest the State is justified in discriminating against noncitizens as a class. *See id*. (citing *Brnovich v. DNC*, 141 S. Ct. 2321, 2348 (2021)). But *Brnovich* concerned a claim under Section 2 of the Voting Rights Act, not a straightforward Equal Protection claim involving discrimination against a class on the face on the statute. Moreover, the Court noted that "Section 2 does not require a State to show that its chosen policy is absolutely necessary or that a less restrictive means would not adequately serve the State's objectives." *Brnovich*, 141 S. Ct. at 2346–47. Here, on the other hand, the Citizenship Requirement must be the least restrictive means to furthering the State's asserted interests to survive review. *Bernal*, 467 U.S. at 219–220. But the record demonstrates, without any genuine dispute, that the Citizenship Requirement is not.[3] Accordingly, for the same reasons

---

"fail[s] to meaningfully grapple with the tailoring problem posed by the State's willingness to employ noncitizens at its Department of State, Department of Highway Safety and Motor Vehicles, and Supervisor of Elections' offices." ECF No. 139 at 9. Moreover, by Defendant Byrd's own examples of regulation of noncitizen employees at state agencies, he has demonstrated less restrictive alternatives to the Citizenship Requirement. *See id.* at 9–10.

[3] This Court also agrees with Plaintiffs' well-reasoned rebuttal to Defendant Byrd's suggestion that a pretrial detention determination based on a fact-intensive inquiry for a Mexican citizen accused of solicitation of first-degree murder is sufficient to support the treatment of *all* noncitizens as "flight risks" under section 97.0575. *See* ECF No. 136 at 8 (citing *Alcazar v. State*, 349 So. 3d 930, 933 (Fla. 3d DCA 2022)) and ECF No. 139 at 8 n.4 (responding to Defendant's reliance on *Alcazar*). Moreover, even if the existence of ties to the community is a relevant

this Court identified at the preliminary-injunction stage and incorporated here by reference, *see* ECF No. 68 at 35–37, Plaintiffs are entitled to summary judgment with respect to their Equal Protection claim against Defendant Byrd.

  This Court recognizes that it may be easier to simply wait for the Eleventh Circuit to weigh in on some of these issues in the appeal of the preliminary injunction. But this Court need not wait to decide the legal questions presented here. Moreover, neither side should be concerned about what the Eleventh Circuit may do on appeal because, to avoid piecemeal appeals, this Court is *not* entering partial judgment at this time. Likewise, a preliminary injunction is still in place to protect Plaintiffs from suffering harm—hence, this Court need not enter judgment or a permanent injunction until the conclusion of this case.

*   *   *

  Accordingly, Plaintiffs' motion for partial summary judgment, ECF No. 126, is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** with respect to Count V against Defendant Byrd. The motion is **DENIED** with respect to Count V against Defendant Moody. This Court does *not* direct entry of partial

---

consideration for pretrial detention determinations *or* for regulating 3PVROs, it is certainly no excuse for the State's lack of narrow tailoring with respect to the Citizenship Requirement.

judgment pursuant to Rule 54(b), but instead, this Court will enter the appropriate relief at the conclusion of this case.

**SO ORDERED on March 1, 2024.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**