IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HISPANIC FEDERATION, et al.,**

   *Plaintiffs*,

v.                                                                          Case No.: 4:23cv218-MW/MAF

**CORD BYRD, in his official capacity
as Florida Secretary of State, et al.,**

   *Defendants*.
_____/

## ORDER DENYING PLAINTIFFS' MOTIONS IN LIMINE

This Court has considered, without hearing, Plaintiffs' motions in limine, ECF Nos. 141 and 142, and Defendant Byrd's response in opposition, ECF No. 148. As explained in more detail below, the motions, ECF Nos. 141 and 142, are **DENIED**. This Court will address each in turn, starting with ECF No. 141.

I

Plaintiffs' first motion, ECF No. 141, concerns Defendants' proffered experts, Dr. Robert Stein and Dr. John Alford, and the joint report these witnesses drafted. Plaintiffs move to prohibit Dr. Stein and Dr. Alford from testifying to any conclusions in their joint report that they did not draft themselves. Plaintiffs also move to exclude Dr. Alford from testifying as "an expert on issues relating to voter registration and 3PVROs." *Id*. at 1. This Court will address both issues in turn,

starting with Plaintiffs' argument that the joint report does not represent Dr. Alford's and Dr. Stein's "collective thinking."

Plaintiffs point to excerpts from Dr. Alford's deposition, wherein he testified that he could not "take ownership" of sections of the joint report that he did not personally draft. *See id*. at 5. Based on the division of labor revealed during these witnesses' depositions, Plaintiffs ask this Court to limit both individuals to testifying only about those portions of the joint report that they personally drafted—namely, Dr. Alford's sections on "Dr. Lichtman's Report" and "Dr. Smith's Report," and a limited introductory section, and Dr. Stein's sections on "the Herron expert report" and the "Cost Benefit Theories of Voter Registration and Turnout." *Id*. at 2–3.

Defendant Byrd responds in opposition, noting at the start that the Hispanic Federation Plaintiffs proffered only Dr. Smith as an expert witness, and thus, it is unclear how they can ask this Court to limit expert testimony concerning another case's expert witnesses—namely, testimony concerning Dr. Lichtman or Dr. Herron. This point is well taken. In addition, Defendant Byrd argues that the deposition testimony, when placed in context, explains that the joint report reflects both witnesses' opinions, even the portions where the other witness took the lead in drafting. ECF No. 148 at 3–6. Defendant Byrd further argues that Plaintiffs' concerns can be addressed by way of cross-examination at trial. This Court agrees. This Court finds that an adversarial presentation at trial will put it in the best position

2

to determine what weight—if any—to give Dr. Alford's and Dr. Stein's testimony concerning those portions of the report that they did not take the lead in drafting themselves.

Next this Court addresses' Plaintiffs' second argument—namely, that Dr. Alford is not qualified "to opine on matters of voter registration." ECF No. 141 at 7. Dr. Alford is a trained political scientist, who has previously been qualified as an expert witness in cases involving claims under Section 2 of the Voting Rights Act. *See Alpha Phi Alpha Frat., Inc. v. Raffensperger*, 587 F. Supp. 3d 1222, 1305–06 (N.D. Ga. 2022). Plaintiffs argue that his expertise, as a political scientist, is limited to his experience analyzing racially polarized voting in the context of Voting Rights Act redistricting cases, and thus, his inexperience analyzing data related to voter registration disqualifies him as an expert.

But Defendant Byrd points out that Dr. Alford was asked to address the quantitative empirical evidence in Plaintiffs' expert reports and the findings that those experts made regarding the purported impacts, if any, of SB 7050 on Florida voters. ECF No. 148 at 7. Defendant Byrd objects to Plaintiffs' motion to the extent they "seek to prevent Dr. Alford from opining on any and all quantitative empirical analyses and conclusions, including Dr. Smith's analyses and conclusions concerning 3PVROs . . . ." *Id*. According to Defendant Byrd, Dr. Alford's extensive training and experience in political science and statistics qualifies him as an expert

3

to address Dr. Smith's quantitative empirical evidence concerning the impacts of the challenged provision on Florida voters. This Court agrees. With that said, Plaintiffs' concerns about Dr. Alford's inexperience in the realm of "voter registration matters" are directed at the weight this Court should give Dr. Alford's testimony, and not its admissibility. And Plaintiffs will have the opportunity to address these concerns through a thorough and sifting cross-examination at trial. Accordingly, Plaintiffs' first motion in limine, ECF No. 141, is **DENIED**.

Next, this Court addresses Plaintiffs' second motion in limine, ECF No. 142.

II

As to Plaintiffs' second motion in limine, ECF No. 142, they argue that Defendants should be prohibited from introducing evidence or testimony regarding individual Plaintiffs' immigration history that is not relevant to the State's interest in SB 7050 or "whose marginal relevance is outweighed by waste of time, improper confusion, and unfair prejudice." *Id*. at 1. Plaintiffs concede that evidence concerning their individual immigration status is relevant for purposes of establishing standing, but they object to additional questioning as irrelevant with respect to their Fourteenth Amendment and Section 1981 claims. ECF No. 142 at 5. Alternatively, Plaintiffs argue that such questioning will lead to a waste of time, confusion, and harassment of the individual Plaintiffs. Defendant Byrd responds in opposition, citing the "low bar" for relevance, and arguing that the individual

4

Plaintiffs' backgrounds are relevant here for a number of reasons. Defendant Byrd also asserts that he will neither waste time, cause confusion, nor harass any party in this action by his questions at trial.

This Court finds that the second motion in limine, ECF No. 142, is due to be denied. Inasmuch as Plaintiffs are concerned about thorough questioning regarding their immigration status as it pertains to their Equal Protection and Section 1981 claims, this Court has now granted partial summary judgment with respect to those claims. *See* ECF Nos. 145 and 149. Accordingly, the parties' presentation of evidence should be streamlined to account for this partial resolution of their claims. Moreover, Defendant Byrd has acknowledged that his line of questioning will be streamlined based on the discovery in this case and that he will not waste time or cause confusion at trial.

This Court reiterates that this case is heading to a bench trial and this Court will not permit harassment of any witnesses or wasting time. This is particularly true given that this trial must be completed by April 12, 2024. With that being said, this Court will not prematurely limit Defendants' line of questioning regarding the individual Plaintiffs' immigration background. Accordingly, Plaintiffs' second motion, ECF No. 142, is **DENIED**.

       **SO ORDERED on March 1, 2024.**

                                        <u>s/Mark E. Walker</u>
                                        **Chief United States District Judge**